FLORA LIM YAMASAKI HUN, ADDISON T. YAMASAKI, LINDA J. IGE, JOHN D. LIM, LISA Y. YAMASAKI, DOUGLENE D. LIM and WILLIAM I. LIM (a minor, by his next friend FLORA LIM YAMASAKI HUN), Plaintiffs-Appellants, *v.* CENTER PROPERTIES, a Hawaii general partnership, Defendant-Appellee

NO. 6636

APRIL 3, 1981

RICHARDSON, C.J., OGATA, MENOR,
LUM AND NAKAMURA, JJ.

274

OPINION OF THE COURT BY OGATA, J.

This is an appeal brought by plaintiffs-appellants, Flora Yamasaki Hun, Addison Yamasaki, Linda Ige, John Lim, Lisa Yamasaki, Douglene Lim and William Lim (hereinafter appellants), from an order entered in the court below granting summary judgment for defendant-appellee, Center Properties (hereinafter appellee), based on the bar of the statute of limitations. For the reasons set forth below, we affirm in part and reverse in part the order of the trial court.

On February 3, 1969, Tadashi Yamasaki (hereinafter decedent) died in an industrial accident at appellee's construction site. The decedent was survived by appellants: his wife, Flora, born August 8, 1932; his son Addison, born December 9, 1950; his step-daughter Linda, born October 15, 1953; his step-son John, born October 24, 1954; his daughter Lisa, born July 7, 1956; his step-daughter Douglerie, born June 24, 1957; and his step-son William, born November 2, 1959.

The instant complaint was filed on July 7, 1976, some seven years after decedent's death. The complaint alleged: that appellants were residents of Honolulu; that appellee was a registered general partnership and was the developer or owner-builder and general contractor of the Amfac and Hawaii Buildings in Honolulu; that on February 3, 1969, Tadashi Yamasaki died from an industrial accident; that on June 27, 1969, the State Director of Labor and Industrial Relations awarded Worker's Compensation Benefits to appellants; that on March 3, 1972, appellee was found to be Tadashi Yamasaki's employer, thus liable for payment of death benefits to appellants; that on August 7, 1975, the State Labor and Industrial Relations Appeals Board found that appellee was not the decedent's employer. It was further alleged that appellee and/or its agents were negligent in maintaining the worksite and/or in obtaining, maintaining and/or operating equipment for the worksite; that the death of Tadashi Yamasaki was caused by the negligence of appellee and/or its agents; that at the time of his death, decedent was employed and in good health, intelligent, and with strong prospects for a long and fruitful life; that decedent was living with his wife and children as a family and by reason of his death said children were deprived of love, affection, care, counseling and guidance that decedent provided and as a result suffered great mental anguish; that decedent's wife was deprived of her husband's companionship, comfort, consortium and services, and incurred medical and other expenses, and as a result suffered great mental anguish. Appellants sought one million dollars in general damages and such special damages as could be proved at trial.

The trial court found that all seven appellants were barred by the two-year statute of limitations and granted appellee's motion for summary judgment.

I.

Once again we are asked to resolve questions involving which statute of limitations applies and whether appellants' claims are barred by the applicable limitations period.

Recently, we held in *Au v. Au*, 63 Haw. 210, 626 P.2d 173 (1981), that the relevant limitations period is determined from the nature of the claim or right based on the allegations contained in the pleadings. This standard governs our determination of the relevant limitations period in the instant case.

Appellants contend that the nature of the claim stems from a cause of action created under HRS § 386-8.[1] They assert that the limitations period set forth in HRS Chapter 657 governs a cause arising under HRS § 386-8.

In contrast, appellee argues that the nature of the claim alleged in the complaint seeks recovery for the wrongful death of Tadashi Yamasaki where the two-year limitations period set forth in HRS § 663-3 bars appellants' claim.

This Court in *Evanson v. Univ. of Hawaii*, 52 Haw. 595, 483 P.2d 187 (1971), stated:

Workmen's compensation laws were enacted as a humanitarian measure, to create legal liability without relation to fault. *Silva v. Kaiwiki Mill Co.*, 24 Haw. 324, 330 (1918). They represent a socially enforced bargain: the employee giving up his right to recover common law damages from the employer in exchange for the certainty of a statutory award for all work-connected injuries. Since liability is made dependent on a nexus to the job,

---

[1] HRS § 386-8 reads in pertinent part:

*Liability of third person.* When a work injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other than the employer or another employee of the employer acting in the course of his employment a legal liability to pay damages on account thereof, the injured employee or his dependents (hereinafter referred to collectively as the employee) *may claim compensation under this chapter and recover damages from such third person.*

\*     \*     \*     \*     \*

. . . . Except as limited by chapter 657, the employee may at any time commence an action or join in any action commenced by the employer against such third person. (Emphasis added.)

the essential prerequisite for coverage under workmen's compensation acts is the existence of an employer-employee relationship.

*Id.* at 598, 483 P.2d at 190. We have consistently reaffirmed this policy whenever considering our worker's compensation laws. Worker's compensation laws should be liberally construed in order to accomplish the intended beneficial purposes of the statute. *Evanson v. Univ. of Hawaii, supra.*

We repeatedly have held that HRS § 386-8 does not establish an independent or new cause of action under the worker's compensation laws. We have interpreted that section as preserving the plaintiff's right of action in common law or under a statute. *Lawrence v. Yamauchi,* 50 Haw. 293, 439 P.2d 669 (1968). *See also, Pacheco v. Hilo Electric Light Co.,* 55 Haw. 375, 520 P.2d 62 (1974).

*Lawrence v. Yamauchi, supra,* held that under R.L.H. 1955, § 97-10, now HRS § 386-8, did not establish an independent cause of action under the worker's compensation laws. This Court stated:

Plaintiff's right to workmen's compensation against his employer, . . . does not exclude all other rights and remedies plaintiff may have against others for his injury, including a general contractor or another subcontractor. . . .

\* \* \* \* \*

Hence, § 97-10, R.L.H. 1955, which grants an employee the *right to proceed* against any person other than the employer to recover all damages proximately resulting from such injury or death, specifically authorizes a negligence suit as filed herein by the employee of the subcontractor against the general contractor. . . . (Emphasis added.)

50 Haw. at 295-296, 439 P.2d at 671-672. Thus, plaintiffs have the right to sue in negligence or other torts against a third party, in addition to the remedies under the worker's compensation laws.

Similarly in *Pacheco v. Hilo Electric Light Co., supra,* plaintiff sued Hilo Electric Light Co., a third party, pursuant to his right under HRS § 386-8, for negligence in constructing, posting and maintaining a sign which fell on him, even though plaintiff received worker's compensation benefits from his employer, the State of Hawaii. Although the case was decided on other grounds, HRS § 386-8, by implication was construed as not creating a new or inde-

pendent cause of action. That statute merely preserved plaintiff's right to sue in common law or under a statutory claim.

Thus, we hold that HRS § 386-8 preserves the right of action, in common law or under the statute, that an injured party, dependent or decedent may have against a third party. HRS § 386-8 does not establish an independent actionable claim.

Moreover, the importance of preserving the right to third party actions in addition to benefits under the worker's compensation laws cannot be understated. In *The Third Person in the Compensation Picture: A Study of the Liabilities and Rights of Non-Employers*, 37 Tex. L.R. 389, 445 (1959), Professor Allan McCoid discusses third party actions and states:

> Retention of a cause of action in favor of the injured worker against the third party is supported by the following arguments: a basic premise of tort laws is to give adequate protection to persons injured through the unreasonable conduct of others, although as has been pointed out before the use of objective standards of conduct has removed much of the "moral" aspect of liability based on fault. The compensation acts were not intended to and never have granted complete protection to injured workers, although they provide more protection than the common law in the form of certainty of compensation and payment of medical and hospital expenses independent of the existence of "fault." The compensation acts refer primarily to the relations between an employer and his employees and should not be treated as destroying or affecting the rights or liabilities of other parties not within this relationship, so long as these rights and liabilities are not inconsistent with the principal objective of protection of the worker.

In the instant case, the Labor and Industrial Appeals Board found someone other than appellee liable for payment of Tadashi Yamasaki's worker compensation death benefits. Therefore, appellee was not the decedent's employer, but was a third party subject to an action pursuant to HRS § 386-8.

Appellants allege that the surviving children of Tadashi Yamasaki were deprived of "the love, affection, care, counseling and guidance that decedent provided" by his death. It was further alleged that the decedent's wife Flora was "deprived of her husband's companionship, consortium and services, and incurred medical and

other expenses." These allegations were precisely what the wrongful death cause of action entails. The nature of the claim in this instance is recovery for the wrongful death of Tadashi Yamasaki. Therefore we apply HRS § 663-3[2] to the instant case.[3] *Cf. Baum v. Murray,* 23 Wash.2d 890, 162 P.2d 801 (1945) (where there is a choice between applying a statute and a common law right covering the same action, the statute is applied). HRS § 663-3 permits compensation of decedent's surviving spouse, children, parents and dependents for economic loss and deprivation of love, affection and companionship. *Greene v. Texeira,* 54 Haw. 231, 505 P.2d 1169 (1973); *accord, Switzer v. Reynolds,* 606 P.2d 244 (Utah 1980).

By its terms, HRS § 663-3 speaks of damages being awarded to the "persons entitled thereto." Thus, the decedent's surviving

---

[2] HRS § 663-3 states:

*Death by wrongful act.* When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, or any of the persons hereinafter enumerated, may maintain an action against the person causing the death or against the person responsible for the death. The action shall be maintained on behalf of the persons hereinafter enumerated, except that the legal representative may recover on behalf of the estate the reasonable expenses of the deceased's last illness and burial.

In any action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation, with reference to the pecuniary injury and loss of love and affection, including (1) loss of society, companionship, comfort, consortium, or protection, (2) loss of marital care, attention, advice, or counsel, (3) loss of filial care or attention, or (4) loss of parental care, training, guidance, or education, suffered as a result of the death of the person by the surviving spouse, children, father, mother, and by any person wholly or partly dependent upon the deceased person. The jury or court sitting without jury shall allocate the damages to the persons entitled thereto in its verdict or judgment, and any damages recovered under this section, except for reasonable expenses of last illness and burial, shall not constitute a part of the estate of the deceased. Any action brought under this section shall be commenced within two years from the date of death of the injured person, except as otherwise provided.

[3] Although we need not resolve this question here, we note that an independent common law right of action for wrongful death may have survived despite the enactment of the death statute.

A common law right to recover for wrongful death was established by this court in Kake v. Horton, 2 Haw. 209 (1860). Subsequent to that, the wrongful death statute was enacted by the legislature. This Court held in Gabriel v. Margah, 37 Haw. 571 (1947), that the wrongful death statute did not abrogate the common law right of action adopted in *Kake. But see,* Rolfing v. Moses Akiona Ltd., 45 Haw. 373, 394, 369 P.2d 96, 106 (1961), where in *dicta,* the court states that the common law action for wrongful death was merged with the statutory action.

spouse, children, parents and dependents each are granted by the statute, the right, independent of one another, to recover under the wrongful death statute. Under this view, even if one or more of the persons entitled to recover are barred by the statute of limitations, it does not affect the rights of other persons entitled to recovery. *See, Switzer v. Reynolds, supra; Cross v. Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 36 Cal. Rptr. 321, 388 P.2d 353 (1964); *Texas Utilities Co. v. West,* 59 S.W.2d 459 (Tex. Civ. App. 1933). Adult persons entitled to damages under HRS § 663-3 but barred by the statute of limitations would not necessarily affect the rights of surviving children. *See,* Part II, *infra.*

We view our wrongful death statute as creating a single cause of action for which those "persons entitled thereto" may claim damages against the tort-feasor. *See,* HRS § 663-3; *Switzer v. Reynolds, supra.*

Therefore, we conclude that appellants' claim was one for wrongful death under the statute. The two-year limitations period set forth in HRS § 663-3 applies and bars appellants' claim except as hereinafter set forth.

## II.

Although we have determined that the applicable limitations period for this action was under the wrongful death statute, our inquiry does not end there. We now consider whether the limitations period is tolled by reason of the minority of the surviving children.

Other courts have examined the impact of minority on the particular statute of limitations and there is a split of authority on whether the infancy of the surviving child in a wrongful death action tolls the statute of limitations. *See, Annot.* 85 A.L.R.3d 162 (1978); 2 S. Speiser, *Recovery for Wrongful Death,* 2nd ed., § 11.19 (1975).

Some courts hold that infancy does not toll the statute of limitations where the child is merely a beneficiary of the action and does not possess the right of action under the wrongful death statute. *Gomez v. Leverton,* 19 Ariz. App. 604, 509 P.2d 735 (1973).

A second view taken by some courts has been that where the limitations period contained in the wrongful death statute affects the right of action, not the remedy, even the minority of the surviving children would not toll the limitations period set forth in the statute unless an exception or savings clause was provided. *Short v.*

*Flynn,* 118 R.I. 441, 374 A.2d 787 (1977); *Nicholson v. Lockwood Greene Engineers,* 278 Ala. 497, 179 So.2d 76 (1965).

Other courts hold that where a claim can only be brought by the decedent's personal representative, the minority of the surviving child does not toll the statute of limitations. *Engle Bros. Inc. v. Superior Court of County of Pena,* 23 Ariz. App. 406, 533 P.2d 714 (1975); *Gomez v. Leverton, supra.*

However, in contrast, other courts hold that the running of the statute of limitations in a wrongful death action is suspended during the minority of decedent's surviving children by reason of the general tolling statute. *Wilbon v. D. F. Bast Co., Inc.,* 48 Ill. App.3d 98, 8 Ill. Dec. 260, 365 N.E.2d 498 (1977); *accord, Switzer v. Reynolds, supra; Haakanson v. Wakefield Seafoods, Inc.,* 600 P.2d 1087 (Alaska 1979); *Frost v. Hardin,* 1 Kan. App.2d 464, 571 P.2d 11 (1977), *affirmed,* 224 Kan. 12, 577 P.2d 1172 (1978); *Sprecher v. Magstadt,* 213 N.W.2d 881 (N.D. 1973); *Parker v. Chrysler Motors Corp.,* 88 Nev. 560, 502 P.2d 111 (1972); *Cross v. Pacific Gas & Electric Co., supra.* We find these cases persuasive and apply the rule therein to the instant case.

In these cases, courts have applied the general tolling statute when such a provision was not made a part of the wrongful death statute or when the tolling provision was found to be a specific exception to that statute. There, the limitations period affected the remedy, not the right of action.

For example, the Illinois statutes provided that in a wrongful death action, the limitations period was under one section, Ill. Ann. Stat. ch. 70, §§ 1 and 2, and the tolling provision was part of another, Ill. Ann. Stat., ch. 83, § 22. Notwithstanding the separation of these statutes, in *Wilbon v. D. F. Bast Co., Inc., supra,* the Illinois Court believed that the legislature did not intend the two-year period in chapter 70, section 2, to negate the benefits provided for in chapter 83, Ill. Ann. Stat. The court concluded that it was necessary to read chapters 70 and 83 together and liberally construe them in order to accomplish the purpose of the wrongful death statute. Therefore, the *Wilbon* court held that Ill. Ann. Stat., chapter 83, of similar design to HRS § 657-13, thereby tolling the limitations period in wrongful death actions for surviving children.

In this instance, the two-year limitations period in HRS § 663-3 merely affects the remedy, not the right of action. We believe that

the 1972 amendment to the wrongful death statute permits the general tolling provisions in HRS § 657-13[4] to be applied to the instant case.

We retrospectively apply the 1972 amendment so that HRS § 657-13 is applicable to the instant case such that an action barred by the statute of limitations is revived for some of the surviving children by that statute. *Roe v. Doe,* 59 Haw. 259, 581 P.2d 310 (1978). The wrongful death statute was amended to include the language "except as otherwise provided." S.L.H. 1972, c. 144, § 2(c). This amendment was made on the recommendations proposed by the Committee on Coordination of Rules and Statutes. The committee reporter's notes show that the amendment of the statute was in recognition of the "possible applicability of other sections." HRS § 657-13 would be within the meaning of the amendment.

In *Roe, supra,* this Court held that subsequent legislation which revived a right of action barred by the statute of limitations could be retrospectively applied, provided the retrospective operation of the statute was expressly or obviously intended. In that case, the legislature obviously intended retrospective application of the statute since there was a strong public policy concerning paternity proceedings and the statute would be rendered meaningless by the suggested interpretation. We also found that since statutes of limitation are creatures of legislative grace, the legislature had the power to repeal or extend such limitations period.

Applying the principles of *Roe v. Doe, supra,* here, we believe that the 1972 amendment to the wrongful death statute was obviously intended by the legislature to be given retrospective application. If the legislature did not intend for other statutory provisions such as HRS § 657-13 to be applicable, it would not have enacted the 1972 amendment. Moreover, the legislature easily could have specified

---

[4] HRS § 657-13 reads in pertinent part:

*Infancy, insanity, imprisonment.* If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:

(1) Within the age of eighteen years; or, . . . such persons shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

which statutory provisions were applicable to the wrongful death statute.

Further support for our position is found in HRS § 663-6 where the phrase "except as otherwise provided" is also used. There, section 657-13 was applicable to HRS § 663-6 because of the phrase "except as otherwise provided." The Special Committee Report of the Legislature states: "The phrase 'except as otherwise provided' in Section 663-6 pertains primarily to Sections 657-13 to 657-20. Specificity to Chapter 657 was not inserted, however, because such specificness may exclude other provisions located elsewhere." Special Com. Report No. 9, 1972 House Journal, p. 1129; Special Com. Report No. 7, 1972 Senate Journal, p. 712. Where words or phrases are used in two or more sections of the statute, such words or phrases are presumed to be used in the same sense throughout unless a contrary intent is expressed. *Rodrigues v. State,* 52 Haw. 156, 168, 472 P.2d 509, 518 (1972). Thus, we attribute the same meaning of "except as otherwise provided" as used in HRS § 663-6 to HRS § 663-3.

Furthermore, we believe the legislature did not intend the two-year limitations period in HRS § 663-3 to negate the tolling provisions of HRS § 657-13. *See, Wilbon v. D. F. Bast Co., Inc., supra.* Otherwise, the policy considerations of HRS § 657-13 could not be effectuated.

In addition, we agree that it is the role of the courts to protect the interests of minors who become parties to litigation. Such a policy is in the best interest of the child and the state. *Wilbon v. D. F. Bast Co., Inc., supra; Haakanson v. Wakefield Seafoods, Inc., supra.*

The *Haakanson* court also found that the compensatory purpose of the wrongful death statute was further effectuated where the wrongful death beneficiaries are afforded the same procedural opportunities available to other tort claimants. The court believed that there was no good reason why the tolling provisions of infancy available in common law torts should not also apply in wrongful death actions.

HRS § 657-13 provides that if any person who brings an action is within the age of eighteen years at the time the cause of action accrued can bring the action after the disability is removed. Thus, the limitations period for the surviving children in this case began to run upon the child's eighteenth birthday. *Jones v. State,* 58 Haw. 101,

564 P.2d 1276 (1977).[5] The tolling provisions would benefit only Lisa, Douglene and William since the instant suit was filed within the two-year period after their attaining age eighteen. However, the other appellants are barred from pursuing their claim by the statute of limitations.

### III.

Appellants further contend that the running of the statute of limitations on their cause of action is tolled during the pendency of the worker's compensation proceedings. They rely on *Elkins v. Derby*, 12 Cal.3d 410, 115 Cal. Rptr. 641, 525 P.2d 81 (1974), where the California Supreme Court held that the statute of limitations on plaintiff's personal injury action was tolled while plaintiff pursued his worker's compensation remedy. The California court reasoned that the policies underlying the statute of limitations would not be frustrated by the tolling of the limitations period. In addition, the court believed that tolling the limitations period would avoid duplicative procedures of filing in different courts.

However, some seven years passed before the instant suit was initiated. The purposes underlying the statute of limitations would clearly be frustrated by tolling the statute while this worker's compensation claim was being pursued. After seven years, evidence may have been lost, memories faded and witnesses disappeared. This is precisely what the statute of limitations was designed to protect against. We believe that *Elkins* is not applicable in the instant case and choose not to follow its holding.

### IV.

We affirm that part of the judgment regarding appellants Flora, Addison, Linda and John, in that their claim of recovery for the

---

[5] In Jones, *supra,* plaintiff was injured on March 20, 1970, and was age sixteen at the time of the accident since his birthday was on September 9, 1953. Suit was filed on April 26, 1974. In 1972, the age of majority was lowered from twenty to eighteen which affected the disability provision in HRS § 657-13. We rejected the plaintiff's claim that age twenty was the applicable majority age to him because that right matured upon his suffering the injury in 1970. We held that the applicable age of majority was eighteen and that the statutory period on his claim had run and was barred by the statute of limitations.

wrongful death of Tadashi Yamasaki was barred by the two-year statute of limitations. We reverse and remand for further proceedings to the circuit court that part of the judgment concerning appellants Lisa, Douglene and William because their claim was tolled during their minority and the action was timely filed after the disability of minority was removed.

Affirmed in part, reversed in part.

*Roy M. Miyamoto* for plaintiffs-appellants.

*Harvey E. Henderson, Jr., (Rice, Lee & Wong* of counsel) for defendant-appellee.