Tyrone L. TAYLOR, Plaintiff,

v.

**STANDARD INSURANCE CO.,
et al., Defendants.**

Civ. No. 97–00160.

United States District Court,
D. Hawai'i.

Dec. 16, 1997.

William Harrison Elkner, Law Offices of William H. Elkner, Honolulu, HI, William Harrison Elkner, The Law Office of William H. Elkner, Honolulu, HI, for Plaintiff.

Ernest C. Moore, III, Torkildson Katz Fonseca Jaffe & Moore, Honolulu, HI, for Defendants.

*ORDER GRANTING DEFENDANT TRAV-
ELER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND DIS-
MISSING REMAINDER OF PLAIN-
TIFF'S COMPLAINT WITHOUT
PREJUDICE*

KAY, Chief Judge.

### FACTUAL BACKGROUND

Plaintiff Tyrone Taylor ("plaintiff") has filed suit against the defendants based upon a denial of disability benefits by defendant Standard Insurance Company[1], a denial of payment from plaintiff's employer, Hawaii Newspaper Agency, Inc. ("HNA") and the denial of a worker's compensation claim based upon continued "stress."

On April 8, 1996, in accordance with H.R.S. Chapter 386, the Department of Labor and Industrial Relations, Disability Compensation Division ("DLIR") held a hearing to adjudicate plaintiff's worker's compensation claims. In the instant case, on July 5, 1996, the Director of the DLIR expressly found *against* plaintiff which plaintiff timely appealed. The Appeals Board conducted a *de novo* hearing in accordance with H.R.S. § 386–87 on September 16, 1997, but a decision of that Board is still pending. In the event of an adverse decision, plaintiff has a direct right of appeal to the Hawaii Supreme Court.

On January 6, 1997, plaintiff filed suit in federal court alleging that HNA, by and thorough defendant Travelers "caused to be presented false and misleading evidence," that Travelers failed to properly investigate and award benefits and that Travelers violated H.R.S. § 431:12–103. On June 25, 1997, defendant Travelers filed a motion for partial summary judgment asserting that plaintiff may not maintain a private cause of action under H.R.S. § 431–13:103. Despite a motion to continue the scheduled hearing or, in the alternative, to enlarge time to reply, plaintiff did not file an opposition to the partial summary judgment motion.

Travelers filed its summary judgment motion on October 27, 1997, which plaintiff op-

posed on November 26, 1997. Travelers filed its reply on December 3, 1997. This matter is came on for hearing on December 8, 1997.

### STANDARD OF REVIEW

Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *T.W. Elec. Serv.*, 809 F.2d at 630. At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978).

The standard for a grant of summary judgment reflects the standard governing the

1. On October 1, 1997, the parties stipulated to a partial dismissal with prejudice terminating Standard Insurance from this action.

grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America,* 815 F.2d 1285, 1289 (9th Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505.

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Indeed, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics,* 818 F.2d at 1468 (emphasis in original) (citing *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348). Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Serv.,* 809 F.2d at 630–31.

### DISCUSSION

**I.  Hawaii Revised Statutes § 431:13–103**

█ In his complaint, plaintiff alleges that HNA "by and through Defendant Travelers caused to be presented false and misleading evidence" and that Travelers failed to properly investigate the pending insurance claims. *See* Complaint, ¶¶ 23, 28, 29. Based upon these allegations, plaintiff claims that the defendants violated § 431:13–103 of the Hawaii Revised Statutes ("H.R.S."), Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance.

Travelers' motion for partial summary judgment asserts, and plaintiff concedes, that plaintiff may not maintain a private cause of action for an alleged violation of H.R.S. § 431:13–103. The Court agrees. Relevant case law conclusively establishes that plaintiff may not maintain a private cause of action under § 431:13–103 because the statute expressly delegates all enforcement authority to the Hawaii Insurance Commissioner. The Hawaii Supreme Court recently noted that nothing in the plain language of § 431:13–103 "expressly provides for a private cause of action for persons insured by insurance companies who violate this article." [2] *Hough v. Pacific Ins. Co., Ltd.,* 83 Hawai'i 457, 469, 927 P.2d 858 (Haw.1996) (citing to *Hunt v. First Ins. Co. of Hawaii,* 82 Hawai'i 363, 371, 922 P.2d 976 (Haw.Ct.App.1996)). *See also Genovia v. Jackson Nat'l Life Ins. Co.,* 795 F.Supp. 1036, 1045 (D.Haw.1992) (finding that no private right of action under unfair settlement practices act, H.R.S. § 431:13–103(a)(10)). Accordingly, the Court GRANTS Travelers' partial summary judgment motion to the extent that plaintiff is attempting to bring a private cause of action under § 431:13–103.

**II.  Worker's Compensation, Hawaii Insurance Code, Chapter 386**

█ As a preliminary matter, the Court disposes of any worker's compensation claims alleged in plaintiff's complaint. H.R.S. Chapter 386, Worker's Compensation Law, specifies mandatory procedures to be followed by a worker's compensation claimant and further decrees that the Director of DLIR shall have original jurisdiction over all controversies and disputes arising under the worker's compensation laws. H.R.S. § 386–73 (Spec.Pamph.1993). Thus, all matters regarding the entitlement of worker's compensation benefits are within the *exclusive* original jurisdiction of the DLIR. *Travelers Ins. Co. v. Hawaii Roofing, Inc.,* 64 Haw. 380, 384, 641 P.2d 1333 (Haw.1982)

In his opposition, plaintiff concedes that he "is not making a claim for worker's compensation benefits under H.R.S. 386 with this

---

**2.**  Rather, all actions taken under Chapter 431   must be brought by the Insurance Commissioner.

action." *See* opposition, p. 2. Plaintiff has presumably made this concession recognizing that this Court lacks subject matter jurisdiction to adjudicate those types of claims. That being said, the Court proceeds to analyze the remainder of plaintiff's arguments.

### III. *"Bad Faith" Denial of Insurance Benefits*

#### A. The Tort of "Bad Faith"

■ In *Best Place, Inc. v. Penn America Ins. Co.*, the Hawaii Supreme Court adopted the tort of "bad faith," i.e., breach of the implied covenant of good faith and fair dealings, in the insurance context. 82 Hawai'i 120, 920 P.2d 334 (Haw.1996). An insurer may face liability for "bad faith" denial of benefits and payments "if it 'fails to deal fairly and in good faith with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy.'" *Id.* at 132, 920 P.2d 334 (citing to *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 485, 510 P.2d 1032 (1973)). The Hawaii Supreme Court further defined the test of bad faith stating that

> [a]n unreasonable delay in the payment of benefits will warrant recovery for compensatory damages under the *Gruenberg* test. [citation omitted.] However, conduct based on an interpretation of the insurance contract that is reasonable does not constitute bad faith. [citations omitted.] In addition, an erroneous decision not to pay a claim for benefits due under a policy does not by itself justify an award of compensatory damages.

*Best Place*, 82 Hawai'i at 133, 920 P.2d 334.

#### B. "Bad Faith" As Applied To Worker's Compensation

■ The Hawaii Supreme Court recently addressed and recognized a distinct cause of action for "bad faith" denial of insurance benefits in the context of worker's compensation. *Hough v. Pacific Ins. Co.*, 83 Hawai'i 457, 927 P.2d 858 (1996). The *Hough* Court held that allegations of an insurer's "outrageous and intentional denial of medical benefits and disability payments" are not "work injuries" as defined by H.R.S. Chapter 386, rendering the exclusive remedies of the Worker's Compensation Act inapplicable. *Id.* at 465, 927 P.2d 858. Thus, a worker who sustains injuries that originally fall under the exclusive jurisdiction of the Act is not precluded from bringing a separate claim for the insurer's intentional tortious acts. *Id.* at 465–66, 927 P.2d 858. The Hawaii Supreme Court expressly adopted the "bad faith" standard articulated in *Best Place*. *Id.* at 469, 927 P.2d 858. In expanding the holding of *Best Place*, the *Hough* Court gave the following rationale:

> [T]he courts have upheld the right to bring an action for independent intentional torts because the tortious conduct, which gives rise to the action, does not arise out of the original employment relationship. It occurs after employment and arises out of the employee's relationship with the insurance carrier after the employment relationship has been terminated. The insurance carrier is no longer the 'alter-ego' of the employer, but rather is involved in an independent relationship to the employee when committing such tortious acts.

*Id.* at 466, 927 P.2d 858 (citing to *Hayes v. Aetna Fire Underwriters*, 187 Mont. 148, 609 P.2d 257, 261 (1980)).

### IV. *Plaintiff's May Not, At This Time, Maintain An Action For "Bad Faith" Denial of Benefits*

Plaintiff's opposition argues that the allegations of the underlying suit fall within the "bad faith" category defined in *Hough* and present triable issues of fact. For the following reasons, the Court disagrees.

#### A. Plaintiff's Failure To Exhaust Administrative Remedies Regarding The Underlying Worker's Compensation Claim Renders The Case Not Ripe For Review

■ Plaintiff's reliance upon the tort cause of action articulated in *Hough* is misplaced

and misguided. In *Hough,* an employee injured his back at work and timely filed a claim for worker's compensation benefits. 83 Hawai'i at 460, 927 P.2d 858. After an initial period of protested payments, the insurance carrier abruptly terminated all benefits without explanation. *Id.* Subsequently, in accordance with the provisions of H.R.S. Chapter 386, the employee filed a complaint for reinstatement of benefits with the Director of the DLIR. *Id.* After review, the Director found the denial of benefits to be unjustified and thus awarded benefits to the employee. Thereafter, the employee and his spouse filed a civil tort action against the insurer. *Id.* Thus, the Director's favorable determination provided the employee with the factual predicate to maintain a separate and distinct tort action against the insurer.

In the instant case, on July 5, 1996, the Director of the DLIR expressly found *against* plaintiff which plaintiff timely appealed. The Appeals Board conducted a *de novo* hearing in accordance with H.R.S. § 386–87 on September 16, 1997, but a decision of that Board is still pending. Moreover, in the event of an adverse decision, plaintiff has a direct right of appeal to the Hawaii Supreme Court. Plaintiff has failed to exhaust the administrative remedies provided to him by Chapter 386 of the Hawaii Insurance Code.

To allow a plaintiff, who has yet to exhaust the administrative remedies regarding worker's compensation benefits, the privilege and forum to initiate suit against the insurer is contrary to. public policy. To so find would dramatically expand the holding of the Hawaii Supreme Court as stated in *Best Place*

and *Hough* and open the federal court floodgates to all unresolved worker's compensation claims. In essence, the courts would be forced to adjudicate the merits of the underlying worker's compensation claim to determine if a denial thereof is in "bad faith." Thus, claimants would be provided with the opportunity to circumvent application of the Hawaii WCA. This is surely not the result intended by the Hawaii Supreme Court. Thus, in the absence of express state authority, this Court, sitting in diversity jurisdiction, would be overstepping its bounds if it were to find cases of this type ripe for review. The Court, therefore, finds that prior to filing a separate suit for bad faith denial of benefits or payments, plaintiff must *first* exhaust all available administrative remedies before the DLIR.[3]

**B. *Plaintiff's Allegations Appear To Not State Sufficiently Outrageous Conduct To Withstand A Summary Judgment Motion***

The Court alternatively ·notes that plaintiff's allegations appear not to rise to the level of "outrageous and intentional" conduct contemplated by either *Best Place* or *Hough.* The gravamen of plaintiff's complaint is that Travelers has improperly denied plaintiff payment of benefits stemming from work related stress. Plaintiff asserts that Travelers, through its attorney, caused misrepresentations to be made in the handling of his worker's compensation claim as to (1) lack of proper notice to the employer regarding the stress claim and (2) expiration of the applicable statute of limitations. All of plaintiff's complaints apparently arise out of the May 8,

3.  Insofar as plaintiff's allegations of "bad faith" overlap with his worker's compensation claims for stress, it would seem that the relevant statute of limitations is tolled. Well settled is the principle that "whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding." *See e.g., Elkins v. Derby,* 12 Cal.3d 410, 414, 115 Cal.Rptr. 641, 525 P.2d 81 (Cal.1974). Although plaintiff is not required, per se, to seek worker's compensation prior to filing a civil tort action, the policies "underlying the statute of limitations would not

be frustrated by the tolling of the limitations period." *Hun v. Center Properties,* 63 Haw. 273, 284, 626 P.2d 182 (Haw.1981) (holding, in relevant part, that *Elkins* was not applicable when plaintiff waited seven years prior to filing suit.) The Court notes that the instant case is readily distinguishable from *Hun* because plaintiff filed his worker's compensation claims in a timely manner. Thus, the defendants were provided with the opportunity to protect themselves against lost evidence, faded memories and vanished witnesses. *See e.g., Elkins,* 12 Cal.3d at 417, 115 Cal.Rptr. 641, 525 P.2d 81, *Hun,* 63 Haw. at 284, 626 P.2d 182.

1996, DLIR hearing which was conducted to determine plaintiff's benefits eligibility.

■ The instant factual scenario appears to fall squarely within two of the exceptions noted in *Best Place*. First, to the extent that as Travelers' attorney advocated the insurer's position, the attorney's conduct was apparently "based on a[n reasonable] interpretation of the insurance contract," and thus may not constitute bad faith. *Best Place*, 82 Hawai'i at 133, 920 P.2d 334. Additionally, even if the DLIR decision is reversed, such a reversal is not dispositive regarding "bad faith" because "an erroneous decision not to pay a claim for benefits due under a policy does not by itself justify an award of compensatory damages." *Id.*

Although the Court declines to fully address the merits of plaintiff's claims (as the case is not ripe for review), the Court notes its inclination to GRANT defendant Travelers' summary judgment motion as a matter of law.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Travelers' motion for partial summary judgment. The Court further finds that plaintiff's failure to exhaust administrative remedies renders this case not ripe for review, and thus DISMISSES the remainder of plaintiff's complaint WITHOUT prejudice.

IT IS SO ORDERED.