John GAST, individually and as Special Administrator of the Estate of Jacqueline Gast and as Guardian Ad Litem for his minor child, Amanda Renee Gast; and Brooke Ashley Gast, Plaintiffs,

v.

Sung Ki KWAK, d/b/a/ Shin Jin Hawaii Travel & Tour, a Hawaii sole proprietorship; Cynthia Hathaway; and Akal Security, Inc., a New Mexico Corporation, Defendants.

Sung Ki Kwak, d/b/a Shin Jin Hawaii Travel & Tour, a Hawaii sole proprietorship; and Cynthia Hathaway, Third–Party Plaintiffs,

v.

Norwegian Cruise Lines, Inc., and National Park Service, Third–Party Defendants.

No. 04–000079 DAE–BMK.

United States District Court, D. Hawai'i.

Oct. 17, 2005.

Michael K. Livingston, Mark S. Davis, Davis Levin Livingston Grande, Honolulu, HI, for John Gast, Individually, and as Special Administrator of the Estate of Jacqueline Gast, and as Guardian Ad Litem for his minor child, Amanda Renee Gast, and Brooke Ashley Gast, Jacqueline Jacqueline Gast, Estate of, Deceased exc John Gast, Amanda Renee Gast, a minor child gal John Gast, Brooke Ashley Gast, a minor child gal John Gast, plaintiffs.

Dennis E.W. O'Connor, Dennis E.W. O'Connor, Jr., Reinwald O'Connor & Playdon LLP, Jodie D. Roeca, April Luria, Roeca Louie & Hiraoka, Honolulu, HI, for Sung Ki Kwak, a Hawaii Sole Proprietorship dba Shin Jin Hawaii Travel & Tour, Cynthia Hathaway, defendants.

Jodie D. Roeca, April Luria, Roeca Louie & Hiraoka, Honolulu, HI, for Akal Security, Inc., defendant.

*ORDER GRANTING DEFENDANT AKAL SECURITY, INC.'S MOTION FOR SUMMARY JUDGMENT RE: LIMITATIONS*

DAVID ALAN EZRA, Chief Judge.

The Court heard Defendant's Motion on August 24, 2005. Mark S. Davis, Esq., appeared at the hearing on behalf of Plaintiff; Dennis E.W. O'Connor, Jr., Esq., ap-

peared at the hearing on behalf of Defendants/Third Party Plaintiffs Sung Ki Kwak and Cynthia Hathaway; April Luria, Esq., appeared at the hearing on behalf of Defendant Akal Security; Assistant United States Attorney R. Michael Burke appeared at the hearing on behalf of Third Party Defendant National Park Service; Jeffrey S. Portnoy, Esq., appeared at the hearing on behalf of Third Party Defendant NCL (Bahama) Limited. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendant Akal Security, Inc.'s Motion for Summary Judgment RE: Limitations.

## BACKGROUND

On February 3, 2004, Plaintiffs John Gast, Amanda Renee Gast, and Brooke Ashley Gast ("the Gast Plaintiffs") sued a van tour operator and its employee, Defendants Sung Ki Kwak and Cynthia Hathaway, for damages stemming from the death of wife and mother Jacqueline Gast. The case is before the Court pursuant to 28 U.S.C. § 1332(a). Plaintiff John Gast is the husband of Decedent Jacqueline Gast; Amanda Renee Gast is the minor daughter of John Gast; Brooke Ashley Gast is the daughter of Decedent. In their first amended complaint, which was filed on March 24, 2005, and which adds claims against Defendant Akal Security, Inc., Plaintiffs allege as follows.

On October 14, 2002, Plaintiff John Gast and his wife Jacqueline Gast vacationed as passengers on a cruise ship, the Norwegian Star, which docked at Hilo Harbor. That morning, John Gast disembarked the ship to engage in sightseeing at approximately 7:15 a.m., and returned to the ship at around 10:45 a.m. Decedent Jacqueline Gast disembarked the ship at approximately 7:40 a.m. to join a van tour operated by Defendant Sung Ki Kwak, a Hawaii sole proprietorship d/b/a Shin Jin Hawaii Tour & Travel ("Shin Jin Tours"). The tour group departed in a van driven by Defendant Cynthia Hathaway, a Shin Jin Tours employee, and traveled to the lava fields at Hawaii Volcanoes National Park. The passengers of the tour van then departed on foot to explore the lava fields.

Defendant Shin Jin's opposition to the Federal Defendant's motion explains that, on October 14, 2002, lava was flowing down Holei Pali directly into the ocean. The park had placed a kiosk at the end of Chain of Craters Road, from which visitors seeking to view the lava had to hike a quarter of a mile across the cooled lava that had crossed the road.

At the appointed time, 11:00 a.m., Defendant Hathaway returned with the Shin Jin Tours van to pick up the passengers who had been dropped off there. The tour van returned to the ship at approximately 12:00 p.m., but Decedent was not among the tour van passengers who returned.

Defendant Shin Jin Tours asserts that Defendant Hathaway reported Decedent missing to a uniformed park employee who was at the end of Chain of Craters Road driving a truck with the park's emblem on it. She also reported Decedent missing to Defendant Akal Security, Inc., at Hilo Harbor. Defendant Akal Security is a New Mexico corporation providing security services to Defendant NCL, and specifically to the Norwegian Star when docked at Hilo Harbor on October 14.

On October 15, 2002, at approximately 7:30 a.m., Decedent's body was found a half a mile north of the kiosk, approximately 20 yards into a new, cooling lava flow. Later that afternoon, the ship was notified that a body bearing Decedent's identity papers was found at the park, and a photograph of jewelry worn by the body was sent to the ship. Plaintiff John Gast identified the jewelry as belonging to his wife.

Plaintiffs' first amended complaint asserts the following claims for relief against all Defendants (i.e., Defendants Shin Jin

Tours, Akal Security, and Hathaway): (Claim 1) negligence and negligent failure to provide adequate safety to their passengers in an area known to be hazardous and for failing to take appropriate steps to rescue Decedent, (Claim 3) wrongful death, (Claim 4) negligent infliction of emotional distress, and (Claim 5) loss of care, companionship, and consortium. Plaintiffs' complaint also brings against Defendant Shin Jin Tours a claim (Claim 2) of negligent failure to adequately train its drivers to deal with foreseeable risks and/or hazards to its tour van passengers. Plaintiffs seek general and special damages in an amount to be proven at trial.

## PROCEDURAL HISTORY

Plaintiffs filed their complaint on February 3, 2004. On June 18, 2004, the parties stipulated to allow Defendants Shin Jin Tours and Cynthia Hathaway (collectively "Shin Jin Defendants") to file a third party complaint, which was filed on June 21, 2004, asserting claims against Third–Party Defendants Norwegian Cruise Lines ("Third Party Defendant NCL") and National Park Service for contribution and indemnity. Plaintiffs filed a cross-claim against Defendants NCL and National Park Service on July 21. On August 5, Defendant NCL filed a counterclaim against the "Shin Jin Defendants." Defendant National Park Service filed a counterclaim for contribution and indemnity against the Gast Plaintiffs and Shin Jin Defendants on August 26. That same date, Defendant National Park Service also filed a cross-claim against Defendant NCL.

On March 8, 2005, the parties stipulated to allow Plaintiffs to file an amended complaint, which was filed on March 24. The first amended complaint added Defendant Akal Security. On April 15, Defendant Akal filed a motion for a continuance of the trial date and relief from the Rule 16 Scheduling Order deadlines. Defendant National Park Service filed a statement of no opposition to the motion on April 22. On June 2, the motion to continue the trial date was granted, and the trial date was continued until December 13, 2005.

On June 2, 2005, Defendant Akal Security, Inc., filed the instant Motion for Summary Judgment RE: Limitations. Plaintiffs filed their opposition to the motion, as well as the accompanying concise statement of material facts, on July 21. The Shin Jin Defendants also filed a memorandum in opposition to the motion on July 21. Defendant National Park Service filed a statement of no opposition on July 27. Defendant Akal filed its reply in support of the motion on July 28.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be entered when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. *Id.* at 323, 106 S.Ct. 2548.

Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed.R.Civ.P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence

at trial. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987); Fed.R.Civ.P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Id.* The evidence submitted by the nonmovant, in opposition to a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255, 106 S.Ct. 2505. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Id.* at 254, 106 S.Ct. 2505. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make at trial would be sufficient to carry its burden of proof. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: whether the evidence presents a sufficient disagreement to require submission to a jury, or it is so one-sided that one party must prevail as a matter of law. *Id.* (citation omitted).

*DISCUSSION*

The Court notes preliminarily that all parties concede that the limitations period has been tolled as regards to the claims of Plaintiff Amanda Gast, because she is a minor. Indeed, the Hawaii Supreme Court has held: "[E]ven if one or more of the persons entitled to recover are barred by the statute of limitations, it does not affect the rights of other persons entitled to recovery. Adult persons entitled to damages under H.R.S. § 663–3 but barred by the statute of limitations would not necessarily affect the rights of surviving children." *Hun v. Center Properties,* 63 Haw. 273, 626 P.2d 182, 187 (1981). Thus, the Court proceeds to address Defendant Akal's arguments only as regards to the claims of the other Plaintiffs.

I. *Plaintiffs' claims are of the nature of wrongful death, based on the allegations in the pleadings, and as such the limitations period prescribed in Section 663–3 controls.*

 Plaintiffs and Defendant Akal disagree as to whether the relevant statute of limitations is contained in Section 663–3, the wrongful death statute, or Section 657–7, which governs suits for damages to persons or property. Plaintiffs contend that most of their claims are governed by Section 657–7, while Defendant Akal asserts that all of their claims are governed by Section 663–3. Under Hawaii law, "the relevant limitations period is determined from the nature of the claim or right based on the allegations contained in the pleadings." *Hun,* 626 P.2d at 185. In *Ozaki v. Ass'n of Apartment Owners of Discovery Bay,* the Intermediate Court of Appeals of Hawaii ("ICA") indicated that, to the extent a plaintiff in a wrongful death suit asserts claims for pain, suffering, and emotional distress, such claims should be considered under Hawaii's wrongful death statute. 87 Hawai'i 273, 954 P.2d 652

(Haw.App.), rev'd in part on other grounds, 87 Hawai'i 265, 954 P.2d 644 (1998). Specifically, the court addressed the issue of whether, in a wrongful death suit, the jury should have been given an instruction on emotional distress in addition to instructions on Haw.Rev.Stat. § 663–3. The ICA held that such an instruction was not necessary because, although general damages for grief and mental suffering of survivors are not recoverable in most jurisdictions, "the emotional distress and mental suffering of survivors are considered by jurors under the direction given them to compensate a survivor for the loss of a decedent's love and affection and requires no further elaboration in the instructions." *Id.* at 293, 954 P.2d 652. *Ozaki* has been construed in the District of Hawaii to mean that "claims that might otherwise be governed by section 657–7 are subsumed by section 663–3" when those claims are brought within the context of a wrongful death suit. *Bailey v. United States,* 289 F.Supp.2d 1197, 1205 n. 11 (D.Haw.2003). Plaintiffs cite a 1994 case from the District of Hawaii for the opposite proposition. *See Iida v. Allied Signal, Inc.,* 854 F.Supp. 702 (D.Haw. 1994). However, as Defendant Akal notes, this case was issued prior to the *Ozaki* opinion, and therefore the Court did not have the benefit of the ICA's holding at that time. Based on this more recent case precedent, the Court finds that all of Plaintiffs' claims are governed by the limitations period established in Section 663–3.

II. *Neither the language of Section 663–3 nor the Hawaii Supreme Court precedent that established the discovery rule as applicable to Sections 657–7 and 657–7.3 would support a decision by this Court to apply the discovery rule to Section 663–3.*

Despite their contention that the limitations period of Section 657–7 as opposed to Section 663–3 is applicable, Plaintiffs argue alternatively that this distinction is of no consequence, because the "discovery rule" should be applied to the running of the limitations period under that statute. The Hawaii Supreme Court has defined the so-called "discovery rule" as meaning that, "under the statute of limitations currently codified in H.R.S. § 657–7, a cause of action does not 'accrue,' and the limitations period therefore does not begin to run, until the plaintiff knew or should have known of the defendant's negligence." *Hays v. City and County of Honolulu,* 81 Hawai'i 391, 917 P.2d 718, 720 (1996). Defendant Akal denies this contention, arguing that the plain language of the statute precludes the application of the discovery rule. The statute reads: "Any action brought under this section shall be commenced within two years from the date of death of the injured person, except as otherwise provided." Haw.Rev.Stat. § 663–3.

The Hawaii Supreme Court first adopted the so-called "discovery rule" in *Yoshizaki v. Hilo Hospital,* 50 Haw. 150, 433 P.2d 220 (1967). *See also Hays,* 917 P.2d at 720 (detailing the history of the discovery rule's development in Hawaii). In *Yoshizaki,* which was a medical malpractice case, the court was called upon to interpret the language of the statute of limitations contained in Section 657–7, which applies to actions for damage to persons or property. 433 P.2d at 221. The statute provides, in relevant part: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657–13." Haw.Rev.Stat. § 657–7. In examining the wording of the statute, the court explained: "Clearly, the determining word

in the statute is 'accrued.' Most state statutes of limitation use this term, whether the statute is generally applicable to all tort actions, or is applicable only to malpractice actions." 433 P.2d at 221. After examining the legislative intent and public policy concerns underlying the statute of limitations, the Court interpreted the term "accrue" to incorporate the discovery rule under the logic that the statute of limitations does not begin to run, as the claim does not accrue, "until the plaintiff knew or should have known of the defendant's negligence." *Id.* at 223. One year later, the court clarified that *Yoshizaki*'s interpretation of the term accrue should be applied to all claims falling within the purview of Section 657–7, and thus the discovery rule was applicable to claims for both personal injury and injury to property. *Basque v. Yuk Lin Liau,* 50 Haw. 397, 441 P.2d 636 (1968). The state legislature later enacted a separate statute of limitations for medical torts, Section 657–7.3, which is worded to expressly include the sort of discovery rule that the Hawaii Supreme Court read into the language of Section 657–7. Haw.Rev.Stat. § 657–7.3 ("No action ... shall be brought more than two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury....").

 There is simply nothing in the wording of Section 663–3 that would give rise to the application of the discovery rule. Section 663–3 does not use the term "accrue"; rather, the statute states that the limitations period begins to run upon the death of the decedent. This language is clear and unambiguous. Moreover, there is no case precedent from the Hawaii courts that would support the application of the discovery rule to this statute. Plaintiffs cite *Hun* for the proposition that the discovery rule should be applied to Section 663–3 because of its use of the phrase "except as otherwise provided." Plaintiffs misconstrue this case. In *Hun,*

the Hawaii Supreme Court considered the issue of whether the tolling provisions contained in Section 657–13—specifically, the provision protecting the claims of minors— applied to toll the limitations period established in Section 663–3. 63 Haw. 273, 626 P.2d 182. The court determined, based on the legislative history, that the drafters had included in Section 663–3 the phrase "except as otherwise provided" in order to allow for the applicability of other sections of the Hawaii Revised Statutes, including Section 657–13. *Id.* at 281–283, 626 P.2d 182. This holding is not support the argument that the discovery rule should apply to Section 663–3. The discovery rule is not embodied in the tolling provisions of Section 657–13 or any other separate, generally applicable statute. Contrary to Plaintiffs' assertions, Section 657–7 is not applicable to the wrongful death claims covered by Section 663–3, and therefore the discovery rule that has been read into that language is not applicable to Section 663–3 through the "except as otherwise provided" language.

In conclusion, neither the language of the statute nor Hawaii case precedent would allow this Court to read the discovery rule into the unambiguous terms of Section 663–3. Perhaps concerns of public policy would make it desirable for Hawaii's wrongful death statute to contain some version of the discovery rule. However, it is not the province of this Court to alter the plain, unambiguous language of state statutes or to create new law for the state based upon policy rather than legal considerations. As such, the Court finds that the statute of limitations began to run, as per the terms of Section 663–3, upon the death of Mrs. Gast.

III. *The Court finds no evidence of fraudulent concealment on the part of Defendant Akal Security.*

 Additionally, the Court finds that the doctrine of fraudulent concealment

may not be invoked by Plaintiffs in the instant case to excuse the running of the statute of limitations. The Hawaii Revised Statutes provide:

> If any person who is liable to any of the actions mentioned in this part or section 663–3, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Haw.Rev.Stat. § 657–20. This statute prevents dismissal on statute of limitations grounds where a plaintiff brings forth evidence sufficient to support a finding that a defendant took affirmative steps to conceal the cause of action against him or her. *Nakamoto v. Hartley*, 758 F.Supp. 1357 (D.Haw.1991).

The Court finds that Plaintiffs have not brought forth evidence sufficient to support a finding that Defendant Akal's employees took affirmative steps to conceal anything. The statement Plaintiffs assert they relied upon was the "Supplemental Incident Report" made by the National Park Service, not by Defendant Akal. Moreover, Defendant Akal has presented the deposition testimony of the National Park Service ranger who prepared the report, who testified that Akal's employee was not given the opportunity to review the report. (Def. Akal Concise Statement of Facts, Ex. C.) The Court finds there is simply no evidence of any misrepresentation or other form of concealment made by Defendant Akal. As such, the Court finds that the doctrine of fraudulent concealment is inapplicable.

*CONCLUSION*

For the reasons stated above, the Court GRANTS Defendant Akal Security, Inc.'s Motion for Summary Judgment RE: Limitations. However, the Court reiterates and all parties concede that the statute of limitations has been tolled pursuant to Section 657–13 as regards to the claims of Decedent's minor daughter, Plaintiff Amanda Gast, and as such Defendant Akal is not dismissed from the entirety of this lawsuit.

IT IS SO ORDERED.