[No. G042806. Fourth Dist., Div. Three. May 31, 2011.]

INVESTORS EQUITY LIFE HOLDING COMPANY, Plaintiff and Appellant, v.
JEFFREY P. SCHMIDT, as Insurance Commissioner, etc., et al., Defendants and Respondents.

## COUNSEL

Lewis Brisbois Bisgaard & Smith, Joseph K. Hegedus, Roy G. Weatherup, Kenneth D. Watnick, Joseph R. Lordan; Parker Shumaker & Mills, David B. Parker and Theodore W. Frank for Plaintiff and Appellant.

Locke Lord Bissell & Liddell, C. Guerry Collins, Conrad V. Sison and Michelle C. Ferrara for Defendants and Respondents Jeffrey P. Schmidt, individually and as Liquidator of Investors Equity Life Insurance Company of Hawaii, Ltd., Lawrence M. Reifurth, individually and as Rehabilitator of Investors Equity Life Insurance Company of Hawaii, Ltd., Kerry M. Komatsubara, individually and as Special Deputy Liquidator of Investors Equity Life Insurance Company of Hawaii, Ltd., McCorriston Miller Mukai MacKinnon, William C. McCorriston and John Y. Yamano.

Daley & Heft and Lee H. Roistacher for Defendants and Respondents Jeffrey P. Schmidt, individually and as Hawaii Insurance Commissioner, Lawrence M. Reifurth, individually and as Hawaii Insurance Commissioner, and Timothy P. Bogan.

Reed Smith, Bernard P. Simons, Zareh A. Jaltorossian; Rothgerber Johnson & Lyons, Franklin D. O'Loughlin, Cindy C. Oliver and Tamara F. Goodlette for Defendants and Respondents Hawaii Life and Disability Insurance Guaranty Association, Hawaii Association Grantor Trust, Fred A. Buck and Buck & Associates.

## OPINION

**RYLAARSDAM, Acting P. J.**—Plaintiff Investors Equity Life Holding Company filed this action in California against several defendants, including the current Hawaii Insurance Commissioner, several of his predecessors, employees of the commissioner, the law firm and individual lawyers representing the commissioner, plus the Hawaii Life and Disability Insurance Guaranty Association (Association). The first amended complaint alleges plaintiff is the sole shareholder of Investors Equity Life Insurance Company of Hawaii, Ltd. (IEL), an insurance company currently the subject of a liquidation action in the Hawaii Circuit Court for the First Circuit. Plaintiff seeks damages and equitable relief for defendants' purported "wrongful taking or deprivation of [its] right, title, and interest in the monies and assets remaining in the estate of and in the stock . . . of" IEL.

Several defendants filed objections to the amended complaint, including some who moved to stay or dismiss the lawsuit on the ground of forum non

conveniens. (Code Civ. Proc., § 410.30, subd. (a).) Finding the State of Hawaii to be a suitable alternative forum and the relevant public and private interests weighed heavily in favor of having the action litigated in that state, the trial court granted these motions and issued a stay of the California action.

Plaintiff appeals, claiming the court erred in issuing the stay. (Code Civ. Proc., § 904.1, subd. (a)(3).) Defendants Jeffrey P. Schmidt, Lawrence M. Reifurth, Kerry M. Komatsubara, both in their individual and official capacities, plus defendants McCorriston Miller Mukai MacKinnon LLP, a law firm, William C. McCorriston, and John Y. Yamano, have filed a request for judicial notice of a postappeal stipulation signed by all defendants and a June 2010 order entered by the Hawaii Circuit Court for the First Circuit in IEL's liquidation action directing the unsealing of all documents previously filed under seal in that proceeding. In addition, the same defendants have filed a motion under Code of Civil Procedure section 909 requesting that we take additional evidence and make independent factual findings in support of the trial court's ruling.

We conclude the trial court properly stayed this action on the ground of forum non conveniens and affirm its decision. While we grant defendants' request for judicial notice, in light of our ruling on the merits of the appeal, their motion to take additional evidence and for independent factual findings is denied.

### FACTS AND PROCEDURAL BACKGROUND

The following is a summary of the material facts taken primarily from the allegations of the first amended complaint along with evidence presented in support of the forum non conveniens motions.

IEL was a life insurance company organized under and regulated by the State of Hawaii with approximately 99 percent of its policyholders residing in that state. Plaintiff alleges it is a Delaware Corporation "authorized to transact business as a foreign corporation in . . . California." It acquired all of IEL's shares in 1991.

According to the amended complaint, in 1993 plaintiff received authorization from the Hawaii Division of Insurance to enter into what are described as " 'repurchase transactions' " and to invest in " 'hedging transactions.' " The next year, defendant Reifurth became Hawaii's Insurance Commissioner. He filed an action in Hawaii state court to seize and rehabilitate IEL, claiming the repurchase and hedging transactions had rendered the insurer insolvent. (*Reifurth v. Investors Equity Life Ins. Co. of Haw., Ltd.* (Hawaii Cir.Ct.,

1994, S.P. No. 94-0337).) IEL's president stipulated to appointing a deputy insurance commissioner as the insurer's rehabilitator. The amended complaint alleges defendant McCorriston, a lawyer with the McCorriston law firm, which represented Reifurth, allegedly told plaintiff "if anything is left over in IEL's estate after rehabilitation or liquidation . . . , then that remainder will go to [p]laintiff as the sole shareholder."

Reifurth later obtained an order liquidating IEL. Plaintiff appealed that ruling, but the Hawaii Supreme Court affirmed, holding plaintiff lacked standing to oppose the insurance commissioner's liquidation petition. (*Metcalf v. Investors Equity Life Ins. Co. of Hawai'i, Ltd.* (1996) 80 Hawaii 339 [910 P.2d 110, 111].) As noted, the liquidation action is still pending.

In late 1994, Reifurth, represented by the McCorriston law firm, filed an action in Hawaii state court against plaintiff and its owner, Gary Vose, alleging fraud and misuse of IEL's funds. (*Reifurth v. Vose* (Hawaii Cir.Ct., 1994, No. 94-4337-11).) The parties reached a settlement terminating this lawsuit in August 1996. Plaintiff also alleges that, in 1995, IEL entered into a reinsurance assumption agreement with the then Hawaii Insurance Commissioner, defendant Association, and Hartford Life Insurance Company under which IEL "transferr[ed] almost all insurance policy-related liabilities . . . to Hartford."

According to the amended complaint, "[a]t no time did IEL's directors authorize forfeiture and cancellation of IEL's shares of stock," nor has "[p]laintiff surrendered its shares . . . for cancellation and forfeiture." "Neither Reifurth nor any other person holding the position of Hawaii Insurance Commissioner, or any person acting on behalf of a commissioner, has given timely and proper notice for [p]laintiff, or other person with interest, to cure any impairment that IEL had, and Reifurth and every other person holding the position of such commissioner have failed to take such other steps as would authorize him or her to effect cancellation and forfeiture of IEL's shares." But a declaration submitted by defendant Yamano, a lawyer with the McCorriston law firm, asserts plaintiff surrendered its IEL stock under the settlement and Vose signed a document to that effect. Yamano further claims the settlement contained a choice of law clause applying Hawaii law.

A focal point of the amended complaint is the purported transfer of IEL's stock to a trust controlled by the Association under a stock subscription agreement. Plaintiff alleges that, in December 1996, Wayne C. Metcalf III, then serving as Hawaii's Insurance Commissioner, filed a motion in the liquidation action seeking approval of that agreement. According to the amended complaint, "[a]lthough [p]laintiff was a party to the [l]iquidation

[a]ction, [it] was not served with a copy of the [s]ubscription [a]greement at the time the . . . motion was filed . . . ."

Plaintiff claims the stock subscription agreement is void because, by its terms, the agreement needed to be submitted to and approved by the court by December 31, 1996, and that was never done. The amended complaint alleges defendants not only failed to serve plaintiff with a copy of the stock subscription agreement or timely submit that agreement to the court for approval, but also took other steps "to misrepresent, deceive, and mislead concerning the . . . [a]greement and the purported transactions relating to that agreement" by which they "defraud[ed plaintiff] and depriv[ed it] of its right, title, and interest in the monies and assets remaining in IEL's estate and IEL's stock . . . and value of such stock." It further alleges "[b]y a long series of intertwined, complex, and in many cases unlawful or improper transactions, . . . defendants have siphoned, or assisted others to siphon, monies in a variety of ways from IEL's estate."

According to the amended complaint, plaintiff first discovered evidence of defendant's wrongful conduct in March 2008. Plaintiff claims it then learned a February 2008 interim report on IEL's assets contained "a materially false and misleading entry . . . denot[ing] some sort of claim by the . . . Association" for over $35 million. "When the balance sheet is adjusted to correct that entry alone, IEL has a surplus (positive net worth) of" over $21 million that "rightfully belongs to [p]laintiff."

In February 2009, plaintiff filed the current action. The first amended complaint alleges 14 counts, including causes of action for unlawful taking, denial of due process and equal protection, various species of fraud, breach of fiduciary duty, conversion, and unfair competition in violation of Business and Professions Code section 17200.

Motions to stay or dismiss the California action for forum non conveniens were filed by defendants Schmidt, Reifurth, Yamano, McCorriston, the McCorriston law firm, Komatsubara, one of IEL's liquidators, plus Timothy P. Bogan, a former examiner for Hawaii's Division of Insurance. Except for Bogan, these defendants claimed they were residents of or transacted business in Hawaii. Bogan had been a California resident, but his declaration supporting the forum non conveniens motion stated that as of July 2009 he became a resident of the Commonwealth of Virginia. Defendants McCorriston and Yamano acknowledged the McCorriston law firm has a Los Angeles office but denied either of them currently works at that location.

After a hearing, the trial court ordered the action stayed pending further order of the court and set the matter for a status review hearing in March

2010. It acknowledged defendants had only made an informal offer to stipulate to toll the statute of limitations "if necessary," and it was still unclear "whether all named defendants could be brought within the jurisdiction of the Hawaii [c]ourts" or whether they "would be willing to submit to the jurisdiction" in Hawaii. Nonetheless, the court found Hawaii is a suitable alternative forum.

Balancing the respective private and public interest factors, the court found they favored granting the motion. As for the private interests at stake, it noted "the documentation and recordation of the acts claimed of[] repose in . . . Hawaii, as [d]o most, if not all[,] of the parties who would have been involved in the activity." The court also gave "some weight" to the fact "California would have the most difficulty in securing personal jurisdiction over percipient witnesses . . . ."

The court placed "[g]reat weight" on several public interest factors favoring jurisdiction in Hawaii. These included the Hawaii courts "continuing supervisory jurisdiction over th[e] ongoing insurance company liquidation matter"; "court orders purport[ing] to extend protection to some of the named defendants relative to their ability to manage and conserve the assets of the distressed [insurer]"; the "potential" for "conflicting interpretations by a foreign state of Hawaii's own orders"; the "superior interest" of Hawaii citizens in the "supervising [and] winding down of [a] distressed insurance compan[y]" that "served almost exclusively the insurance needs of Hawaii residents"; the fact "[k]ey named defendants are, or have been," employed in state government departments focused on consumer affairs, particularly with respect to the "consumer protection of Hawaii insureds"; plus Hawaii's "substantial interest in regulating or fixing the conduct" that the "lawsuit . . . intends to cure . . . ."

Addressing the choice of law issue, the court found that even assuming Hawaii does not have a restitutionary remedy similar to Business and Professions Code section 17200, "the cases are clear that the existence of a favorable statutory scheme or litigation-based public policy in one forum is not determinative." Also "[a]s to any application of Hawaii law, including the possible direct or indirect application of principles of sovereign immunity, it has not been established that even if the case remained in California . . . a California court would not apply principles of comity, wherein the plaintiff's fate could be the same as if the case were tried elsewhere."

After plaintiff appealed from the stay order, all defendants executed a stipulation declaring "[s]hould [p]laintiff file any such action in Hawaii for the claims made . . . in this action, [d]efendants agree that any Hawaii statute of limitations was tolled from the date of the filing of the complaint in this

action . . . to the earlier of such date upon which [p]laintiff may file or re-file any such action in Hawaii or March 3, 2010," and "[s]hould [p]laintiff file an action in Hawaii . . . , no [d]efendant will contest personal jurisdiction in Hawaii."

The trial court continued the status review hearing based on the pendency of this appeal. Defendants have now asked us to take judicial notice of a second stipulation filed in the superior court in July 2010. It repeats defendants' agreement not to contest personal jurisdiction in Hawaii and to toll "any Hawaii statute of limitations . . . from the date of the filing of the complaint in this action . . . to the earlier of such date upon which [p]laintiff may file or re-file any such action in Hawaii or . . . 60[] days after the Court of Appeal issues its remittitur . . . ." However, the stipulation further provides it "shall not be construed to revive or allow any claim barred by any applicable statute of limitations at any time prior to February 25, 2009."

## DISCUSSION

### 1. *Introduction*

■ "Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere. [Citation.]" (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14].) "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Ibid.*)

The ruling on a forum non conveniens motion is generally reviewed for abuse of discretion with "substantial deference . . . accorded [to the trial court's] determination in this regard. [Citations.]" (*Stangvik v. Shiley Inc., supra,* 54 Cal.3d at pp. 751–752.) But the "threshold determination whether the alternate forum is a suitable place for trial" involves "a nondiscretionary determination" (*Chong v. Superior Court* (1997) 58 Cal.App.4th 1032, 1036 [68 Cal.Rptr.2d 427]) that is reviewed de novo (*American Cemwood Corp. v. American Home Assurance Co.* (2001) 87 Cal.App.4th 431, 436 [104 Cal.Rptr.2d 670]).

### 2. *The Suitability of Hawaii as an Alternative Forum*

The primary issue presented here is whether the trial court erred in finding Hawaii to be a suitable alternative forum. Plaintiff argues defendants failed to

carry their burden of proof on this requirement by not directly addressing it in their original motions and belatedly filing a postappeal stipulation agreeing only to toll the statute of limitations. Additionally, plaintiff contends Hawaii is not a suitable alternative forum because defendants failed to establish Hawaii can exercise personal jurisdiction over all parties, it would be denied a trial by jury and barred from proceeding with its unfair competition cause of action, plus some defendants will be able to assert sovereign or statutory immunities if the case is tried in that state.

Only the statute of limitations waiver presents a significant question in this appeal. "An alternative forum is suitable if it has jurisdiction and the action in that forum will not be barred by the statute of limitations. [Citation.] It bears emphasis that '[i]t is sufficient that the action can be brought, although not necessarily won, in the suitable alternative forum.' [Citations.]" (*Guimei v. General Electric Co.* (2009) 172 Cal.App.4th 689, 696 [91 Cal.Rptr.3d 178]; see also *Stangvik v. Shiley Inc., supra,* 54 Cal.3d at p. 752.) The "defendant, as the moving party, bears the burden of proof" to show the proposed alternative forum satisfies these requirements. (*Stangvik v. Shiley, Inc., supra,* 54 Cal.3d at p. 751.)

Here, the motions to stay or dismiss this action on forum non conveniens grounds argued Hawaii constituted a suitable alternative forum. The trial court's order staying this action expressly found Hawaii to be so and discussed the factors relevant to the finding. But even without it, "such a finding is implicit in the trial court's order granting the motion based on forum non conveniens." (*Roman v. Liberty University, Inc.* (2008) 162 Cal.App.4th 670, 682 [75 Cal.Rptr.3d 828].) In any event, since "our review of the issue is de novo [citation], . . . the trial court's determination does not bind us." (*Ibid.*)

There is no question Hawaiian state courts have subject matter jurisdiction over the causes of action asserted in the amended complaint. Defendants note plaintiff's "claims . . . arise out of [a] Hawaii liquidation of a Hawaii domiciled company" that "involve the alleged [unlawful] actions of . . . Hawaii government officials []and their agents and employees . . . ."

As for personal jurisdiction over the parties, defendants note eight of them are either Hawaii residents or entities operating in that state. The remaining defendants would be subject to personal jurisdiction in Hawaii under that state's long-arm statute, which provides "[a]ny person . . . submits . . . to the jurisdiction of the courts of [Hawaii] as to any cause of action arising from" "[t]he transaction of any business" or "commission of a tortious act within th[at] [s]tate." (Haw. Rev.Stat. § 634-35(a).) Furthermore, all defendants have now twice stipulated to submitting to personal jurisdiction in Hawaii if plaintiff refiles this lawsuit in that state.

Plaintiff also relies on a series of arguments based on the premise "California law would likely provide . . . certain advantages of procedural or substantive law . . . ." (*Stangvik v. Shiley, Inc., supra*, 54 Cal.3d at p. 754.) It claims a jury trial would not be available in Hawaii, it could not proceed on its unfair competition cause of action, and some defendants will be able to assert either sovereign or statutory immunity. These arguments are not determinative of whether Hawaii is a suitable alternative forum.

■ "That the law is less favorable to the plaintiffs in the alternative forum, or that recovery would be more difficult if not impossible, is irrelevant to the determination whether the forum is suitable unless 'the alternative forum provides no remedy at all.' [Citations.] [¶] The 'no remedy at all' exception applies 'only in "rare circumstances," such as where the alternative forum is a foreign country whose courts are ruled by a dictatorship, so that there is no independent judiciary or due process of law.' [Citation.] 'This exception has been applied in cases where the proposed alternative forum is in a foreign country that lacks an independent judiciary. [Citation.]' " (*Guimei v. General Electric Co., supra*, 172 Cal.App.4th at pp. 696–697.)

In *Shiley Inc. v. Superior Court* (1992) 4 Cal.App.4th 126 [6 Cal.Rptr.2d 38], foreign state plaintiffs received artificial heart valve implants at hospitals outside of California. Although none of the implanted valves had malfunctioned, the plaintiffs sued in California alleging physical and emotional distress from "the knowledge that the valves may be defective and may fracture or malfunction without warning, causing death or severe physical injury." (*Id.* at p. 129.) The evidence showed courts in the home states of "31 of the 35 nonresident plaintiffs" had already declared there was no "cause of action arising out of injuries caused by a product which has not yet malfunctioned. [Citations.]" (*Id.* at p. 132.) We held "in determining the issue of a suitable place for trial, a court may not even consider the fact that an alternative forum does not recognize a cause of action which would be available to the plaintiff under California law. [Citation.]" (*Id.* at p. 133; see also *Roman v. Liberty University, Inc., supra*, 162 Cal.App.4th at p. 683 [rejecting claim Va. not "suitable alternative forum . . . because [it] applies contributory, rather than comparative, negligence principles, and [the] plaintiff's own negligence or assumption of the risk would completely bar his recovery"].)

So here, the existence of sovereign and statutory immunity defenses, plaintiff's loss of his California statutory remedy, and the possibility he may be forced to try this matter in the liquidation proceedings do not render Hawaii an unsuitable forum under the forum non conveniens doctrine. "The fact that a plaintiff will be disadvantaged by the law of that jurisdiction, or that the plaintiff will probably or even certainly lose, does not render the

forum 'unsuitable' in this analysis." (*Boaz v. Boyle & Co.* (1995) 40 Cal.App.4th 700, 711 [46 Cal.Rptr.2d 888] [trial court properly dismissed action by granddaughters of women who, while pregnant, ingested drug in N.Y even though N.Y. courts had already declined to recognize plaintiffs' preconception tort].)

■ As for the statute of limitations defense, *Stangvik v. Shiley Inc., supra*, 54 Cal.3d 744 held that in determining whether a suitable alternative forum exists, " 'the suit will be entertained, no matter how inappropriate the forum may be, . . . if the plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state [citations].' [Citation.]" (*Id.* at p. 752.)

Defendants have agreed to toll the statute of limitations from February 25, 2009, the date plaintiff filed its California action, to the date plaintiff files suit in Hawaii. Their second stipulation makes clear that, if this action is refiled in Hawaii, one issue will be the timeliness of any claims time-barred in that state as of February 25, 2009. Citing *Stangvik v. Shiley Inc., supra*, 54 Cal.3d 744 and other cases where the defendant agreed to toll the statute of limitations, defendants maintain their representations of a willingness to do the same are sufficient. In addition, they argue Hawaii, like California, recognizes the delayed accrual of a claim where the plaintiff is reasonably ignorant of it, plus the tolling of a statute of limitations where a defendant conceals the existence of a cause of action. Under the facts of this case, we find the latter argument has merit.

■ Schmidt, Reifurth, Komatsubara, the McCorriston law firm, and its individually named members contend, and plaintiff does not dispute, under California law the causes of action alleged in the first amended complaint are governed by statutes of limitations ranging from two years to six years in length. Generally, "a plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action. [Citations.] [¶] The general rule for defining the accrual of a cause of action sets the date as the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' [Citation.] In other words, it sets the date as the time when the cause of action is complete with all of its elements [citations]." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397 [87 Cal.Rptr.2d 453, 981 P.2d 79].) Accrual can occur "even though the plaintiff is ignorant of the cause of action or of the identity of the wrongdoer. [Citation.]" (*Baker v. Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315, 321 [114 Cal.Rptr. 171].) It is clear from the amended complaint's allegations, the causes of action accrued in the mid-1990's and, absent an exception, the applicable statutes of limitation normally would have expired well before February 2009.

However, under California law one "important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. [Citations.]" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807 [27 Cal.Rptr.3d 661, 110 P.3d 914].) That occurs when "[a] plaintiff has reason to discover a cause of action [which is] when he or she 'has reason at least to suspect a factual basis for its elements.' [Citations.]" (*Ibid.*) The facts alleged in the first amended complaint would support application of the discovery rule in this case.

■ In addition, defendants acknowledge the allegations of the first amended complaint could also support a tolling of the applicable statutes of limitation under the fraudulent concealment doctrine. "[T]he ground of relief is that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong." (*Pashley v. Pacific Elec. Ry. Co.* (1944) 25 Cal.2d 226, 231 [153 P.2d 325].) The doctrine is "available 'in all cases' [citations], that is to say, in actions at law as well as suits in equity [citation]." (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 533 [85 Cal.Rptr.2d 257, 976 P.2d 808].)

■ Defendants note the same is true in Hawaii. Cases have applied the delayed discovery rule to causes of action seeking damages for injury to person or property (*Association of Apartment Owners of Newtown Meadows v. Venture 15, Inc.* (2007) 115 Hawaii 232 [167 P.3d 225, 270] ["a tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the negligent act, the damage, and the causal connection between the two"]), for a breach of trust (*Pele Defense Fund v. Paty* (1992) 73 Hawaii 578 [837 P.2d 1247, 1260] ["The statute of limitation runs from the date [the plaintiff's] cause of action accrued—that is, when [the plaintiff] discovered or should have discovered the breach of trust, the injury to its members, and the connection between the breach and the injury."]), and fraud (*First Interstate Bank of Hawai'i v. Hartley* (D. Hawaii 1988) 681 F.Supp. 1457, 1460 ["Claims for fraud, whether based on state or federal law, arise when the fraud is or should have been discovered."]). Also, Hawaii law provides "[i]f any person who is liable to any of the actions mentioned in this part or section 663-3 [(wrongful death actions)], fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations." (Haw. Rev.Stat. § 657-20.)

 Generally, application of a statute of limitations is deemed an affirmative defense (*Norgart v. Upjohn Co., supra,* 21 Cal.4th at p. 396) and "a defendant must prove the facts necessary to enjoy the benefit of a statute of limitations . . . ." (*Samuels v. Mix* (1999) 22 Cal.4th 1, 10 [91 Cal.Rptr.2d 273, 989 P.2d 701]). But both the discovery rule and fraudulent concealment doctrine are exceptions to this requirement. Thus, the burden of pleading and proving belated discovery of a cause of action falls on the plaintiff. (*Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 437 [159 P.2d 958] ["The provision tolling operation of the statute until discovery . . . has long been treated as an exception and, accordingly, this court has held that if an action is brought [beyond the applicable statute of limitations], [the] plaintiff has the burden of pleading and proving that he did not make the discovery until within [the statutory period]."]; *April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 833 [195 Cal.Rptr. 421] [" 'It is plaintiff's burden to establish "facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." ' "].)

The same is true where a plaintiff relies on the fraudulent concealment doctrine to avoid a statute of limitations bar. " 'The doctrine of fraudulent concealment of the cause of action . . . has an effect similar to the statutory rule of delayed accrual' " and " 'the same pleading and proof is required . . . , i.e., the plaintiff must show (a) the substantive elements of fraud, and (b) an excuse for late discovery of the facts. [Citations.]' " (*Snapp & Associates Ins. Services, Inc. v. Robertson* (2002) 96 Cal.App.4th 884, 890 [117 Cal.Rptr.2d 331]; see also *Baker v. Beech Aircraft Corp., supra,* 39 Cal.App.3d at p. 321.) Thus, even were this case to be tried in California, to prevail plaintiff would have to prove justification for its delay in bringing suit.

Again, defendants note Hawaii law is consistent with this shift in the burden of proof. When adopting the discovery rule in *Yoshizaki v. Hilo Hospital* (1967) 50 Hawaii 150 [433 P.2d 220], the Hawaii Supreme Court explained its decision as follows: "The injustice of barring the plaintiff's action before she could reasonably have been aware that she had a claim is patent. A basic reason underlying statutes of limitation is nonexistent; the plaintiff has not delayed voluntarily in asserting her claim. We realize that added burdens are placed on defendants by forcing them to defend claims with evidence that may be stale. We should not overlook the fact that the plaintiff must produce evidence sufficient to establish a prima facie case before the defendant is obliged to produce any evidence. . . . [¶] We conclude that the conflicting policies are best reconciled by permitting the plaintiff the opportunity to prove that she neither knew nor could reasonably have been expected to know of the defendant's alleged negligence until the date alleged in her complaint." (*Id.,* 433 P.2d at pp. 223–224.) Also, in *Gast v. Kwak* (D. Hawaii 2005) 396 F.Supp.2d 1150, the court held the fraudulent

concealment statute (Haw. Rev.Stat. § 657-20) "prevents dismissal on statute of limitations grounds where a plaintiff brings forth evidence sufficient to support a finding that a defendant took affirmative steps to conceal the cause of action against him or her. [Citation.]" (*Gast v. Kwak, supra*, 396 F.Supp.2d at p. 1157.)

Consequently, regardless of whether this case is tried in California or Hawaii, plaintiff will have the burden of establishing the timeliness of its claims in order to prevail.

In addition, we note the trial court stayed the California action rather than dismiss it. While "the dismissal of an action results in California's loss of jurisdiction over the matter," a court "has considerably wider discretion to grant stays precisely because under a stay California retains jurisdiction. [Citation.]" (*Century Indemnity Co. v. Bank of America* (1997) 58 Cal.App.4th 408, 411 [68 Cal.Rptr.2d 132].) In the event our understanding of Hawaii law is incorrect, plaintiff will have the opportunity to seek relief in the courts of this state.

We conclude the trial court properly ruled Hawaii constitutes a suitable alternative forum for litigating plaintiff's claims.

### 3. The Balance of the Private Party and Public Factors

Plaintiff also contends the trial court erred in finding the private and public interest factors supported staying this action in favor of litigation in Hawaii. As noted, we accord "substantial deference" to the trial court's exercise of its discretion in considering the relevant public and private factors. (*Stangvik v. Shiley Inc., supra*, 54 Cal.3d at p. 751.)

"The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik v. Shiley Inc., supra*, 54 Cal.3d at p. 751.) Here, documentation relevant to plaintiff's claims is entirely in Hawaii, nearly all of the percipient witnesses are located there, and the nonresident defendants have stipulated to the jurisdiction of the Hawaii courts.

Plaintiff argues it is a California resident and its choice of forum should be accorded great weight. We conclude plaintiff's California residency claim is erroneous.

Corporations Code section 167 defines the phrase " 'Domestic corporation' " to "mean[] a corporation formed under the laws of this state." The first amended complaint alleges plaintiff is "a corporation organized under the laws of the State of Delaware, is authorized to transact business as a foreign corporation in . . . the State of California, and has its principal place of business" in California. The definition of a domestic corporation, plus plaintiff's admission it has been authorized to transact business in California as a "foreign corporation" undermine its status as a California resident. Plaintiff relies on a statement in *Stangvik* declaring "[d]efendant's residence is also a factor to be considered in the balance of convenience. If a corporation is the defendant, the state of its incorporation and the place where its principal place of business is located is presumptively a convenient forum. [Citation.]" (*Stangvik v. Shiley Inc., supra,* 54 Cal.3d at p. 755.) But here, plaintiff concededly was not incorporated in California.

Next, plaintiff asserts three of the named defendants are California residents. But, as noted above, all defendants have agreed to submit to the personal jurisdiction of the Hawaii courts. The further claims that plaintiff will not be provided a trial by jury in Hawaii courts and cannot pursue its unfair competition cause of action in that state are not factors justifying denial of a forum non conveniens motion.

Plaintiff cites statements in the record reflecting the Hawaii court handling IEL's liquidation action had lost the file. It further claims that state is biased against it. Yamano's declaration supporting forum non conveniens acknowledged the Hawaii court clerk has explained the office is trying to locate the file for the liquidation proceeding. But he notes "the Hawaii [c]ourt's docket is available online . . . and shows the [l]iquidation [p]roceeding as an ongoing proceeding with filings," and "a motion has been filed . . . to reconstruct [the] file with copies . . . provided by the parties." Furthermore, much of the relevant documentation is maintained in offices or departments of other Hawaii state officials.

The bias argument fares no better. The mere fact officials in Hawaii's executive branch are purportedly biased against plaintiff is not the relevant concern. The case will be tried in a Hawaii court and no claim is made that the Hawaii judiciary is biased or lacks sufficient independence to afford plaintiff a fair hearing.

Finally, plaintiff's argument concerning the public interest factors again relies on its doubtful California residency status, a repeat of its attacks on the integrity of the Hawaii state officials handling insurance matters, and the competency of the Hawaii courts. As discussed, these claims lack merit. "The public interest factors include avoidance of overburdening local courts

with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. [Citations.]" (*Stangvik v. Shiley Inc., supra*, 54 Cal.3d at p. 751.) As the trial court found, Hawaii has a greater interest in litigation over the proper winding up of a Hawaii insurer that primarily did business in that state and even more so concerning whether Hawaii public officials are properly and honestly carrying out their official duties.

## DISPOSITION

The order is affirmed. Defendants' request for judicial notice is granted. Defendants' motion for independent factual findings and to take additional evidence is denied. Defendants shall recover their costs on appeal.

O'Leary, J., and Moore, J., concurred.

A petition for a rehearing was denied June 20, 2011, and on June 15, 2011, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 14, 2011, S194696.