Filed 2/26/13  McKeever v. Security Consultants Group CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RUBBIE McKEEVER,<br><br>        Plaintiff and Appellant,<br><br>                v.<br><br>SECURITY CONSULTANTS GROUP, INC. et al.,<br><br>        Defendants and Respondents. | F064294<br><br>(Super. Ct. No. 11CECG01326)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Moore and Moore, Howard Moore, Jr.; Moore & Moore, Kojo Howard Moore, for Plaintiff and Appellant.

Bremer, Whyte, Brown & O'Meara, John V. O'Meara, Patrick Au, and Sanaz Aryanpanah; Everett L. Skillman, Jr., for Defendants and Respondents.

-ooOoo-

Appellant, Rubbie McKeever, originally filed a complaint for personal injuries in federal court.  Following dismissal of the federal action, McKeever filed an identical complaint in the superior court.  On a motion filed by defendants and respondents, Security Consultants Group, Inc. (Security Consultants) and Adalberto Arreguin

(Arreguin), the trial court granted judgment on the pleadings in respondents' favor.  The court found that McKeever did not file the superior court action within the applicable statute of limitations.

McKeever contends the trial court erred in not applying the equitable tolling doctrine to her case.  According to McKeever, the statute of limitations should have been tolled during the pendency of the federal court action.

The effect of equitable tolling is that the limitations period stops running during the tolling event and begins to run again when the tolling event has concluded.  (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370 (*Lantzy*).)  The court added the time that remained in the limitations period as of the date McKeever filed her federal action to the 30-day grace period provided by 28 United States Code section 1367(d) to find that she had 50 days to file the superior court action following the dismissal of the federal action.  However, McKeever filed the superior court action 91 days after the federal action was dismissed.  As a result, McKeever's superior court action is barred by the statute of limitations.  The judgment is affirmed.

## *FACTUAL AND PROCEDURAL HISTORIES*

Since the appeal is from a judgment on the pleadings, we treat the properly pleaded allegations of the complaint as true.  (*Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1401 (*Mendoza*).)

On July 28, 2008, McKeever accompanied an elderly woman to a Social Security office.  After waiting a substantial amount of time to speak to someone, McKeever questioned a Social Security Administration employee about the unduly long wait.  The employee became rude and yelled at McKeever.  For no apparent reason, Arreguin intervened.  Arreguin grabbed McKeever and knocked her to the floor twice, causing her to sustain both physical and emotional injuries.  McKeever believed Arreguin was employed by the United States government.

2.

On July 7, 2010, McKeever filed a complaint in the United States District Court against the United States and Arreguin under the Federal Tort Claims Act to recover damages for personal injury. McKeever personally served Arreguin with the summons and complaint but Arreguin did not respond.

The United States disclosed that Arreguin was employed by Security Consultants. Security Consultants was under contract with the United States Department of Homeland Security to provide security at the office where the incident occurred. Since Arreguin was not employed by the United States, McKeever could not proceed in federal court. Pursuant to stipulation, McKeever's federal complaint was dismissed by court order on January 19, 2011.

On April 20, 2011, McKeever filed the underlying complaint in the superior court. This complaint was substantively identical to the federal court complaint except that McKeever named Security Consultants as a defendant.

Security Consultants and Arreguin moved for judgment on the pleadings, arguing that the action was barred because it was not commenced within two years as required by Code of Civil Procedure section 335.1 or within the federal statutory 30-day tolling period under 28 United States Code section 1367(d). The trial court granted Security Consultants and Arreguin's motion and dismissed the complaint.

### *DISCUSSION*

In reviewing the grant of a motion for judgment on the pleadings, we apply the same rules that govern review of a dismissal following the sustaining of a demurrer. As a result, we are not bound by the determination of the trial court. Rather, we exercise our independent judgment on whether a cause of action has been stated. (*Mendoza, supra,* 140 Cal.App.4th at p. 1401.)

Equitable tolling is a judge-made doctrine that operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness. (*Lantzy, supra,* 31 Cal.4th at

3.

p. 370.) Application of the doctrine requires timely notice and lack of prejudice to the defendant and reasonable and good faith conduct on the part of the plaintiff. (*Addison v. State of California* (1978) 21 Cal.3d 313, 319.)

"[T]he effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred." (*Lantzy, supra,* 31 Cal.4th at pp. 370-371.) Thus, equitable tolling only suspends the running of a statute. It cannot add time to the limitations period or revive a statute that has already run out. (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 651.)

Where the tolling event is a federal court action, the statute of limitations for a state claim over which the federal court has supplemental jurisdiction "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." (28 U.S.C. § 1367(d).) Thus, when a federal action is dismissed, there is a 30-day "grace period" added to the statute of limitations. Accordingly, the days left in the statute of limitations period at the time the federal claim was filed begin to run on the 31st day after the federal claim is dismissed. (*Bonifield v. County of Nevada* (2001) 94 Cal.App.4th 298, 304.)

Here, it is undisputed that the statute of limitations for McKeever's personal injury action was two years. (Code Civ. Proc., § 335.1.) The injury occurred on July 28, 2008, and McKeever filed her federal court action on July 7, 2010. Thus, when she filed the federal action, there were 21 days left in the statute of limitations period.

McKeever contends that 28 United States Code section 1367(d) does not apply here because she did not invoke supplemental jurisdiction allowed by federal courts over her state claims. If McKeever is correct, under the equitable tolling doctrine her state claim would have needed to have been filed 21 days after the federal action was

4.

dismissed. As noted above, equitable tolling can only suspend the running of the statute during the tolling event. It does not increase the limitations period.

Moreover, without deciding whether United States Code section 1367(d) is applicable, if we were to apply it to this case, as the trial court did, and add 30 days to the 21 days left in the limitations period, McKeever's complaint would still be untimely. She filed the superior court action 91 days after the federal complaint was dismissed, 40 days after the extended statute ran out.

McKeever contends that the "discovery rule" should be applied to this case. In general, an action accrues on the date of injury. (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109 (*Jolly*).) However, the discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action, i.e., the injury and its negligent cause. (*Ibid*; *Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1532.) McKeever acknowledges that she was aware of the facts that might constitute a cause of action when she was battered. Nevertheless, she contends that the action should not be held to have accrued until she discovered that Security Consultants was a likely party because the use of Doe defendants was not available to her in federal court.

However, ignorance of the identity of the defendant does not affect the statute of limitations. (*Jolly, supra,* 44 Cal.3d at p. 1114.) Further, once McKeever discovered that Security Consultants was a likely defendant, she still had time to file the complaint within the statute of limitations. Moreover, McKeever could, and did, name Doe defendants in the superior court complaint. McKeever's late discovery of the identity of Security Consultants did not postpone the accrual of her cause of action.

In sum, applying equitable tolling to McKeever's superior court action does not bring it within the statute of limitations. Contrary to McKeever's apparent position, equitable tolling does not create an open-ended statute of limitations. We conclude her action is barred.

5.

## ***DISPOSITION***

The judgment is affirmed.  Costs on appeal are awarded to Security Consultants and Arreguin.

_____

Wiseman, Acting P.J.

WE CONCUR:


_____

Levy, J.


_____

Kane, J.