Filed 8/20/14  Bowers v. Abercrombie & Fitch CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BENJAMINE BOWERS, | B246196 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC486638) |
| V. | |
| ABERCROMBIE & FITCH CO., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary H. Strobel, Judge.  Affirmed.

Law Offices of Zomber & Panagiotis and Matthew E. Panagiotis for Plaintiff and Appellant.

No appearance for Respondent Brian Hilburn.

_____

Benjamine Bowers's action was stayed by the trial court on the basis of forum non conveniens. Bowers appeals, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Bowers filed a complaint alleging 14 causes of action against eight named defendants. Bowers claimed that while employed as a model in a Hollister store, he attended a casting call for J.M. Hollister, LLC, Hollister Co. California, LLC, Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc., and Abercrombie & Fitch Trading Co. (collectively, Abercrombie). Bowers alleged that the casting call was conducted by Daisy Ashburn, an Abercrombie casting director, and that she subsequently provided agent Brian Hilburn with Bowers's name, photograph, and contact information. Ashburn, Bowers alleged, recommended Hilburn to Bowers as a highly experienced agent who could assist him in starting his modeling career.

According to his complaint, Bowers signed a management agreement with Hilburn's company, AIG Model and Talent Management, and then went to Mississippi for a photo shoot at Hilburn and AIG's office. In Mississippi, Bowers alleged, Hilburn persuaded him to disrobe and masturbate in front of the camera by telling him that this was an industry secret for achieving a desirable facial expression for photographs. Bowers alleged that Hilburn said he needed to be photographed in the nude to prepare for the experience of being photographed by Abercrombie's photographer. Bowers alleged that at the photo shoot Hilburn exposed his penis to Bowers in an unwanted sexual advance.

Bowers alleged that Hilburn's representations about how to achieve facial expressions were false and that the photographs and video taken of him were never used to advance his career but were in fact intended for distribution as pornography. He claimed that Hilburn had a pattern of similarly inappropriate behavior with other employees of Abercrombie; that Ashburn, as Abercrombie's agent, was aware, or should have been aware, of Hilburn and AIG's intent to fraudulently induce Bowers to sign with AIG and to film him posing nude and masturbating, but that she concealed that

2

information from Bowers.  Accordingly, Bowers alleged causes of action against Abercrombie and Ashburn for fraud, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and negligent hiring and supervision.  He sued Hilburn and AIG for fraud in inducing him to sign the management agreement; rescission due to fraud; breach of contract; breach of fiduciary duty; fraud; deceit; sexual harassment; intentional and negligent infliction of emotional distress; and negligence; and he further sought a declaratory judgment rescinding the management agreement.

Abercrombie moved to dismiss or stay the action based upon the doctrine of forum non conveniens.  Soon thereafter, Ashburn specially appeared to file a motion to quash the service of summons and complaint, or, in the alternative, to dismiss or stay the action on the basis of forum non conveniens.

Hilburn specially appeared to file a motion "to quash service of the summons and complaint, or, in the alternative, to dismiss based on a binding arbitration provision, or based on the doctrine of forum non conveniens."  The motion, signed and filed by Hilburn personally, purported to be on behalf of Hilburn and AIG.  At argument on the motion, the court advised Hilburn that the motion could be considered as to Hilburn only, because AIG was a corporate defendant that could only appear through counsel.

The court granted Ashburn's motion to quash service of summons and complaint on the ground that the court lacked personal jurisdiction over her, then granted Abercrombie and Hilburn's motions to stay the action based on forum non conveniens.  Bowers appealed both rulings.  Bowers subsequently reported to this court that he has resolved his claims against Abercrombie and Ashburn, and the parties stipulated to the dismissal of the appeal as to them.

DISCUSSION

## I. Alleged Error in Considering AIG's Motion

Bowers first argues that the trial court erred in granting what he terms "both AIG's and Hilburn's Motions to Dismiss." The motion in question, which was a motion to quash, or, in the alternative, to dismiss for arbitration or based on forum non conveniens, was filed by Hilburn personally, but purported to be on behalf of himself and AIG. The trial court advised Hilburn in court that because he was not an attorney, he could not represent AIG, and in its minute order, the court stated that "the Motion to Quash filed on behalf of corporate Defendant AIG Model and Talent Management, LLC and individual defendant Brian Hil[]burn can be considered as to individual Defendant Brian Hil[]burn, only. The Court cannot consider the Motion as to corporate Defendant AIG because a corporate defendant must be represented by Counsel."

Although the court made it clear that it was considering the motion to have been filed only by Hilburn, Bowers argues that it nonetheless granted AIG's motion. Bowers bases this assertion on two references in the minute order staying the action: first, the court's one-time reference to the motion as being filed by "Hilburn/AIG"; and second, a statement at the end of the minute order granting "the motion" without limitation. Neither one of these citations establishes that the court considered the motion as to AIG, and in light of the court's express statement that the motion would be considered only as to Hilburn, as well as its statement at oral argument that the forum non conveniens motions were "from the Abercrombie defendants as well as Mr. Hilburn," it is clear from the record that the court restricted its consideration of the motion to Hilburn personally.

Bowers further argues that the "Trial Court should not have considered a motion to dismiss, motion to quash or any evidence submitted by AIG, and the Trial Court erred in basing its dismissal of the Action on evidence and arguments presented by AIG." Bowers, however, does not identify any instance in the record in which the trial court ruled on any motions as though they were filed by AIG, or considered any evidence or arguments from non-appearing defendant AIG. As we have already discussed, when

Hilburn filed his motion on behalf of both himself and AIG, the trial court considered that motion only with respect to Hilburn personally.  Moreover, the court did not dismiss the action, as Bowers claims, but instead stayed it.  As Bowers has not identified any instance in which the court made these alleged errors, he has failed to demonstrate any error by the trial court.

## II.      Forum Non Conveniens

"Forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik v. Shiley* (1991) 54 Cal.3d 744, 751 (*Stangvik*).)  The defendant has the burden of proof in a forum non conveniens motion.  (*Ibid*.)  In analyzing such a motion, California courts follow the procedure outlined in *Stangvik*.  The first step is determining "whether the alternate forum is a 'suitable' place for trial."  (*Ibid*.)  "An alternative forum is suitable if it has jurisdiction and the action in that forum will not be barred by the statute of limitations.  [Citation.]  It bears emphasis that '[i]t is sufficient that the action can be brought, although not necessarily won, in the suitable alternative forum.' [Citations.]  That the law is less favorable to the plaintiffs in the alternative forum, or that recovery would be more difficult if not impossible, is irrelevant to the determination whether the forum is suitable unless 'the alternative forum provides no remedy at all.' [Citations.]  [¶]  The 'no remedy at all' exception applies 'only in "rare circumstances," such as where the alternative forum is a foreign country whose courts are ruled by a dictatorship, so that there is no independent judiciary or due process of law.'  [Citation.]" (*Guimei v. General Electric Co*. (2009) 172 Cal.App.4th 689, 696-697 (*Guimei*).)  This threshold determination is nondiscretionary, involves no balancing of interests (*Shiley v. Superior Court* (1992) 4 Cal.App.4th 126, 132), and has been held to be subject to either a de novo or substantial evidence review on appeal.  (*Investors Equity Life Holding Co. v. Schmidt* (2011) 195 Cal.App.4th 1519, 1528 (*Investors Equity*) [de novo standard]; *Guimei*, at p. 696 [substantial evidence standard].)

5

If the trial court determines an alternative forum is a suitable place for trial, "the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) Private interest factors to consider include "the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Ibid*.) Public interest factors "include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Ibid*.)

We review the trial court's determination on balancing private and public interests for an abuse of discretion. (*Guimei*, *supra*, 172 Cal.App.4th at p. 696.) As we noted in *Guimei*, "We 'will only interfere with a trial court's exercise of discretion where [we find] that under all the evidence, viewed most favorably in support of the trial court's action, no judge could have reasonably reached the challenged result. [Citation.] "[A]s long as there exists 'a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be . . . set aside . . . .'" [Citations.]' [Citation.]" (*Id*. at p. 696.)

A.  Suitable Alternative Forum

Here, the trial court determined that Mississippi was a suitable alternative forum. The court observed that the photo shoot during which the sexual abuse allegedly occurred took place in Mississippi; that the Abercrombie defendants consented to jurisdiction in Mississippi; that both Hilburn and the Abercrombie defendants agreed to waive or toll the relevant statute of limitations on the intentional infliction of emotional distress claim if the case were tried in Mississippi; and that Ashburn, as to whom personal jurisdiction in Mississippi was questionable, had successfully moved to quash service of summons and the complaint and was no longer a party to the action. Accordingly, the court concluded

6

that "Mississippi appears to be a suitable alternative forum for those parties who are now before the court."

Under either standard of review we find no error in this ruling. All the defendants who had appeared in the action agreed to subject themselves to the jurisdiction of the Mississippi courts and to waive the statute of limitations defense to the intentional infliction of emotional distress claim.[1] Therefore, the evidence showed that Mississippi had jurisdiction and that the action would not be barred by the statute of limitations as to the defendants who had appeared in the case. (*Guimei*, *supra*, 172 Cal.App.4th at p. 696 [forum suitable if it has jurisdiction and the action will not be barred by the statute of limitations].) This was enough to permit the court to determine that Mississippi was a suitable alternative forum and to issue a stay if the balancing of public and private interests so warranted.

As Bowers notes, non-appearing Mississippi defendant AIG has not waived the statute of limitations on the intentional infliction of emotional distress claim. By staying the action, however, the trial court retained the power to verify that Bowers is able to bring his action in Mississippi. Should AIG appear in Mississippi proceedings and assert a meritorious statute of limitations defense, Mississippi may no longer be a suitable alternative forum for plaintiff's action, and Bowers may request that the Los Angeles County Superior Court lift the stay and reset the matter for trial. (See *Guimei*, *supra*, 172 Cal.App.4th at p. 704; see also *Investors Equity*, *supra*, 195 Cal.App.4th at p. 1534 [a

---

[1]    Bowers argues that the trial court erred in concluding that Abercrombie had agreed to waive the statute of limitations defense if the case were to be filed in Mississippi and that they would consent to jurisdiction there. Bowers acknowledges, however, that these alleged errors are moot due to Abercrombie's dismissal, and we agree. (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1503 [matter is moot when a "ruling can have no practical impact or cannot provide the parties with effective relief"].) Bowers also claims the court "incorrectly concluded that AIG had waived any statute of limitations defenses" in Mississippi, but the record does not support this contention. The trial court observed that Hilburn and Abercrombie had waived the statute of limitations but did not make any conclusions concerning non-appearing defendant AIG, noting only that Mississippi was a suitable alternative forum "for those parties who are now before the court."

7

court has considerably wider discretion to grant stays because California retains jurisdiction; if other forum does not in fact prove suitable, plaintiff will have the opportunity to seek relief in California courts].)

### B. Public and Private Interests

Although it is well established that the balance of private and public interests is reviewed for an abuse of discretion (*Guimei*, *supra*, 172 Cal.App.4th at p. 696), Bowers argues that the court's ruling is subject to de novo review because the court misapplied the law. According to Bowers, the trial court determined not whether California was a seriously inconvenient forum but whether Mississippi was a more convenient forum. He contends that the appropriate test requires a defendant to demonstrate that California is a "seriously inconvenient forum." (*Ford Motor Co. v. Insurance Co. of North America* (1995) 35 Cal.App.4th 604, 611 (*Ford*).) *Ford*'s characterization of the standard of proof, however, is not derived from statutory language or California Supreme Court decisions, and the decision has been criticized for imposing a burden of proof higher than that stated by the Supreme Court in its forum non conveniens cases. (*National Football League v. Fireman's Fund Insurance Company* (2013) 216 Cal.App.4th 902, 930-933 (*NFL*).)

Moreover, because *Ford* involved a dismissal rather than a stay, its test is inapplicable here. (*Century Indemnity Co. v. Bank of America* (1997) 58 Cal.App.4th 408, 412; *NFL*, *supra*, 216 Cal.App.4th at p. 931.) While a resident plaintiff is entitled to a strong preference for his chosen forum, residence in California "is not dispositive either. As our Supreme Court has stated '[i]n considering whether to stay an action, in contrast to dismissing it, the plaintiff's residence is but one of many factors which the court may consider.' (*Archibald v. Cinerama Hotels* [(1976)] 15 Cal.3d [853,] 860[].)" (*Century Indemnity*, at p. 413.)

The trial court cited the *Stangvik* case, examined the public and private interests in detail, and concluded that based on the balance of those interests Mississippi was the proper forum to decide the dispute. We find no abuse of discretion. While the private

8

interest factors did not particularly favor either Mississippi or California, the public interest factors tended strongly to support trial in Mississippi. With respect to the private interest factors, the percipient witnesses to the events identified in this case were primarily located in Mississippi and Ohio. Bowers contended that "many" of the 31 models Hilburn and AIG have who are currently signed with California modeling agencies would be needed for deposition and trial, as would his own managers and agents, but none of these California-based witnesses were percipient witnesses to the events alleged in the complaint and it was not clear how all of Hilburn and AIG's other clients in California would be required for the litigation of this matter. Hilburn had already been deposed in Mississippi, and Bowers offered to depose Ashburn in Ohio. The parties did not offer evidence of the location of documentary evidence, and this factor is of limited significance in this age of electronic document transfer. (*Ford*, *supra*, 35 Cal.App.4th at p. 617) "Documents, however, may be transported easily from one jurisdiction to another"].) The parties, moreover, did not provide specific evidence concerning the availability of compulsory process for obtaining the attendance of unwilling witnesses. None of the tortious acts alleged in the complaint occurred in California: the contact with the casting director took place in Utah, and the photo shoot in Mississippi. While a resident plaintiff's choice of forum in his or her home state is afforded substantial weight in the forum non conveniens analysis (*Ford*, *supra*, 35 Cal.App.4th at p. 611), California's interest in providing Bowers with a forum for his action is diminished by the fact that he was not a California resident when the events giving rise to the action occurred. Although the litigation is related to the entertainment industry, an industry in which California has an interest (*Animal Film, LLC v. D.E.J. Productions, Inc.* (2011) 193 Cal.App.4th 466, 475 (*Animal Film*), the link to California's interests is not strong because the gravamen of the complaint concerns acts occurring outside California prior to the time that Bowers became a California resident.

Mississippi, in contrast, has a strong interest in this litigation. The alleged sexual abuse took place in Mississippi and the litigation concerned the conduct and practices of Mississippi resident Hilburn and AIG, a Mississippi limited liability company. Bowers

9

entered into a contract with Hilburn and AIG, and the contract specified that it would be subject to the laws of Mississippi and that disputes would be resolved by arbitration. Based on the balance of these factors, the court concluded that California was an inconvenient forum. We cannot say that no reasonable judge would make the same ruling.[2]

## DISPOSITION

The judgment is affirmed. In absence of respondent's brief, each party is to bear its own costs on appeal.


ZELON, J.

We concur:


PERLUSS, P. J.


WOODS, J.

---

[2]    In keeping with his argument that our review of the court's private and public interest balancing analysis should be de novo, Bowers presents a series of arguments as to how to apply the relevant factors in the forum non conveniens analysis. As we have concluded that the appropriate standard of review for this portion of the forum non conveniens analysis is an abuse of discretion standard and that the trial court did not abuse its discretion here, we need not address Bowers's arguments as to how the evidence, analyzed independently, supports a determination to retain jurisdiction in California.